ELIAS WARSHAUER *vs.* MARY E. R. JONES & another.

Suffolk. March 24. — 27, 1875. AMES & DEVENS, JJ., absent.

At the trial of a writ of entry to recover a strip of land nineteen feet long and two and a half feet wide, lying easterly of other land of the demandant, it appeared that the strip was one half of a parcel of land five feet wide which had formerly been used as a passageway. In the deed to the demandant's grantor the northerly part of the passageway was reserved as a pump lot to be held by the grantor and grantee in common, and in the deed to the demandant given in 1867, the easterly line of his land was described as bounded partly on the pump lot and partly on the passageway. The demandant also claimed title in the pump lot by virtue of a deed from A., one of the former tenants in common, given in 1870, which described the premises conveyed as that portion of the pump lot which was not conveyed by me to B. in my deed given in 1869. The tenant claimed title to the whole of the strip by adverse possession, and also offered in evidence the deed from A. to B. given in 1869. This deed contained various recitals, prejudicial to the demandant, and assumed to convey all the grantor's rights in the land conveyed by C. to B. The description in this deed, given in 1868, described the estate by metes and bounds, the westerly line being described as running northerly on the land of the demandant nineteen feet. · The presiding judge excluded the deed of 1869, and the jury found for the demandant. *Held,* that the deed should have been admitted in evidence. *Held, also,* that the deed to the demandant conveyed the fee to that portion of the passageway not included in the pump lot, that the admission of the deed of 1869 could only affect the demandant's title to the pump lot, and that the new trial should be limited to the question of title in that lot.

WRIT OF ENTRY to recover a strip of land, in Boston, containing about forty-seven and a half square feet, bounded " northerly on Warrenton Place two and a half feet, easterly on land late of Mary V. Randall, deceased, now of Mary E. Jones and Lydia E. Hutchings nineteen feet, southerly on land formerly of E. R. Griffiths two and one half feet, and westerly on the demandant's other said land by the brick building of the demandant thereon nineteen feet." The land was described as being part of the demandant's estate situated at the corner of Pleasant Street and Warrenton (formerly Warren) Place. Plea, *nul disseisin.* Trial in the Superior Court before *Pitman,* J., who allowed a bill of exceptions, in substance as follows :

The demandant claimed title to the strip under and by virtue of a deed to him from John Greenwood, dated June 3, 1853, in which the description of the estate conveyed was as follows: " Beginning at the corner of Pleasant Street and Warren Place and thence running easterly bounded northerly on said Warren

Place sixty-two feet; thence southerly bounded easterly on land now or formerly used for a pump and apparatus four feet; thence easterly bounded northerly on said land now or formerly used for a pump and apparatus two feet; thence southerly and bounded easterly on a passageway nineteen feet; thence westerly bounded southerly on land now or formerly of E. R. Griffiths sixty feet to said Pleasant Street; thence northerly bounded westerly on said Pleasant Street twenty-four feet to the point of beginning; together with all the rights and privileges in said Warren Place which appertain to the estate hereby conveyed." The description of the same premises in the deed to Greenwood from Richard Blanchard, his grantor, dated July 5, 1867, was the same as that in the deed from Greenwood to the demandant.

The deed of John W. Blanchard to Richard Blanchard, which was given when John W. and Richard divided certain estates, including the one above described and several others in the immediate neighborhood, and all held as tenants in common by them, was as follows: " Situated at the corner of Pleasant Street and Warren Place is bounded easterly on a common passageway of five feet leading from Warren Place to a vault twenty-four feet; southerly sixty-five feet and eight inches on land of the heirs of Lemuel Packard; westerly twenty-four feet on Pleasant Street; northerly sixty-five feet and eight inches on Warren Place, with the buildings standing on the same; on the corner of the common passageway is a parcel of land six feet by three feet taken out of the above lot, which is to remain in common, being the place where the pump lot now stands, said pump also to be in common."

The demandant also put in a deed from Richard Blanchard to John Greenwood, dated May 17, 1870, and recorded with Suffolk Deeds, in which he released " a certain piece of land, reserved for a pump and apparatus, described as a piece six feet by three feet, in deeds of division between myself and my brother, John W. Blanchard " " being that portion of said lot reserved for a pump and apparatus, which was not conveyed to Mary V. Randall in my deed to her of November 9, 1869." Also a deed from Greenwood to the demandant, dated the same day, May 17, 1870, containing the same description.

The tenants contended and offered evidence tending to show that Richard Blanchard was not in possession of the premises in question at the time of the delivery of the earlier deed by him to Greenwood, and that they and their mother, Mary V. Randall, and her grantors had held uninterrupted and adverse possession of the same for more than twenty years; and that in 1838 Richard Blanchard, then the owner of the demandant's estate, and Joshua Harlow, then the owner of the tenants' estate, made an oral agreement, by which Richard Blanchard was to give up all claim to the passageway in consideration of Harlow's giving to him a small piece of land on Tremont Street, then owned by Harlow; that they then agreed upon a line between the passageway and the Blanchard estate, upon which a high board fence was then erected upon the line of division, and that while he continued to own his estate he made no claim to own or use any part of said passageway, and that the same was in the exclusive possession of Harlow and his assigns, and the fence continuing during that time as when erected. The tenants then offered a deed from Richard Blanchard to Mary V. Randall, dated November 9, 1869, and recorded with the Suffolk Deeds, a copy of which is in the margin.* The demandant objected to the admission of this

---

* "Whereas heretofore, to wit, on or about the year A. D. 1839, I exchanged with Joshua and Nancy Harlow, certain land then belonging to me, for other land then belonging to them, said land belonging to me as aforesaid being a portion of the premises included in a certain deed of division between myself and John W. Blanchard, and bounded in said deed on a passageway formerly used as such, commonly called a five-foot passageway, leading from Warrenton Place, as the same is now called, and bounding on said Warrenton Place on land of said Harlow, land of Griffiths and my other land; said piece of land so exchanged being a portion of a lot sixty-five feet eight inches deep, and about twenty-two feet wide, situated on Pleasant Street and said Warrenton Place, together with the fee of said five-foot passageway, or so much of it as then belonged to me; and whereas said exchange was by parol, no deed of the premises included in the same having been given by either party, although possession of the same was surrendered by each party to the other, and said Harlow took possession of the same at said time, under a claim of right, and by virtue of said exchange and said surrender of possession, and have by themselves, their heirs, assigns and successors in their estate, kept and held open, peaceable and adverse possession of the same premises so surrendered by me, and we at the same time set up and established the fence as it now stands upon said land so surrendered by me, and my other land, since con-

deed. The judge sustained the objection. The tenants then offered to put in the deed without the recitals, to which the demandant objected ; the judge sustained the objection, and the tenants alleged exceptions.

There were other exceptions taken at the trial, which the opin

---

veyed by me to Greenwood, as the dividing line between our respective premises as the same were after said exchange; and whereas said premises and land so surrendered by me to said Harlow have come into the possession and ownership of Mary V. Randall, of Boston, in the county of Suffolk and Commonwealth of Massachusetts, widow, and are included and conveyed in a deed of conveyance from Nancy Harlow and others to said Mary V. Randall, recorded with Suffolk Deeds, Lib. 955, fol. 264; and whereas I have made no conveyance of the same in writing, and the title of the same may seem to be in me, know all men by these presents, that I, Richard Blanchard, of Hyde Park, in the county of Norfolk, Commonwealth aforesaid, yeoman, in consideration of one dollar to me paid, and other good and valuable considerations me thereto moving by said Mary V. Randall, the receipt whereof is hereby acknowledged, do hereby assign, convey and quitclaim unto the said Mary V. Randall, her heirs and assigns, all my right, title and interest of whatever name or nature, if any such I have, in and to any part or portion of the premises set forth, included and described in the deed of Nancy Harlow and others to said Mary V. Randall, recorded with Suffolk Deeds, Lib. 955, fol. 264, said premises above described as being surrendered by me to said Harlow being a part of and embraced in the description of the premises described in said deed, and said Mary V. Randall now having the estate of the said Harlow in said surrendered premises. To have and to hold the aforegranted estate, with all the easements and appurtenances to the same belonging, unto the said Mary V. Randall, her heirs and assigns forever.''

The deed from Harlow to Randall, dated July 29, 1868, described the land conveyed as follows: '' A certain piece or parcel of land, with the buildings thereon, situated in said Boston, and bounded and described as follows, namely: Beginning on the northwesterly side of Tremont Street at other land of the grantee, formerly of Richard Blanchard; thence running southwesterly on said Tremont Street forty-two feet and eighteen hundredths to land of Griffith ; thence running northerly on land of Griffith seventeen feet six inches; thence running westerly on land of said Griffith fourteen feet; thence running northerly on land of Warshauer, formerly Greenwood, twenty-two feet to a passageway twelve feet wide, running from Warren Street to Pleas ant Street, now called Warrenton Place; thence running easterly on said Warrenton Place fifty-four feet to said land of the grantee; thence running southerly on the land of the grantee twenty-six feet to the point of beginning, or however otherwise bounded, and be the said measurements more or less, together with a right of way through said Warrenton Place, and all other rights and easements therein to which the grantors are entitled.''

ion of the court renders immaterial.    The jury found for the
demandant and the tenants alleged exceptions.

*N. Morse,* for the tenants.    The deed excluded was admissible,
for the purpose of limiting and qualifying the subsequent grant
of the same grantor to the demandant.    The tenants introduced
evidence tending to show that at the time Richard Blanchard
conveyed to John Greenwood, June 3, 1853, Blanchard was dis-
seised of the land in dispute and that the tenants' grantors were
then in possession and continued in possession to the time of the
deed of Blanchard to Randall of November 9, 1869.    If Blanch-
ard was disseised of the premises in question at the time of the
conveyance to Greenwood, no interest passed, and the tenants'
grantors being in possession at the time of the deed from Blanch-
ard to Randall, would take the fee.    Upon that ground and for
the purpose of showing title in the tenants, the deed, with or
without the recitals, was admissible.

*W. G. Colburn,* (*C. R. Train* with him,) for the demandant.
The deed of November 9, 1869, was properly excluded.    It was
made two years and a half after the deed to the demandant, and
is an attempt to introduce the declarations of a former owner of
the land, after he had sold it, to disparage the title.    *Winchester*
v. *Charter,* 97 Mass. 140.    1 Greenl. Ev. § 110.    It is also inad-
missible if the recitals be excluded.    The portion of it after the
recitals refers to the recitals, and also contains irrelevant state-
ments relative to the tenants' title.    The deed cannot be severed
from the recitals.    If the irrelevant statements and the recitals
are excluded, the rest of the deed is immaterial.    It does not
purport to convey to the tenants any land which was not con-
veyed to them by the deed from Harlow and others in 1868; and
there was no evidence, in the bill of exceptions or elsewhere, to
show that Richard Blanchard had then any title to the passage-
way.

WELLS, J.    The only exception taken at the trial which de-
serves consideration is that to the exclusion of the deed from
Richard Blanchard to the tenants' grantor.

By the partition between Richard and John W. Blanchard, the
small parcel of land at the entrance of the passageway was left
undivided and in common between them.    It was not included
in the first deed from Richard Blanchard to Greenwood, the de-

mandant's grantor.  It did not appear that he had ever parted
with his title to that parcel until he gave the deed in question.
It was competent therefore for the tenants, in support of their
own claim of title in the demanded premises, to show that they
had acquired from Richard Blanchard any title which thus re-
mained in him.  This deed was competent also for the purpose
of showing what were the limits of the premises described in the
subsequent deed from the same grantor to Greenwood, which had
been put in by the demandant, and which expressly referred to
this, making the land conveyed by it a part of the abuttals in the
later deed.  The fact that the deed contained recitals which
ought not to affect the demandant, did not warrant its exclusion
altogether.  Any improper influence from those recitals should
have been guarded against by suitable directions as to the use to
be made of the deed.

But we do not see that the issue in regard to the passageway
could have been in any way improperly affected by the exclusion
of this deed.  The deed could have no effect to pass any title in
the passageway.  The deed of partition and that of Richard
Blanchard to Greenwood conveyed the fee to the centre of the
passageway, unless he was disseised when he gave the latter deed.
If he was then disseised, the title of the disseisee has long since
ripened into an indisputable fee.  The demandant's right to re-
cover that part of the premises could be defeated only by estab-
lishing the alleged disseisin; and the jury have found that there
was no disseisin.  The deed from Richard Blanchard in 1869
could have no bearing upon that question.

As the two parts of the demanded premises are distinctly sep-
arable, and the right of recovery depends upon entirely different
considerations, the new trial may be limited to that part which
alone was affected by the errroneous ruling excepted to.  The
verdict will therefore be allowed to stand as to the passageway,
but is to be set aside as to that part of the demanded premises
which remained undivided by the partition between Richard and
John W. Blanchard.                    *Exceptions sustained.*