ELIZABETH TIMPANY *vs.* JAMES E. HANDRAHAN & trustees.

Plymouth.   March 4, 1908. — May 20, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Practice, Civil,* Verdict, Exceptions.

Where a presiding judge, after a verdict for a plaintiff, on a motion by the defend-- ant for a new trial granted the motion upon the condition that the defendant should elect within five days to have a new trial on the question of damages only, and the defendant within the time named filed a paper signed by him making such election, and thereupon a new trial was had upon the question of damages only, the defendant's liability being treated as admitted, and the jury returned a general verdict for the plaintiff covering the whole case, it was *held,* that the second verdict was the only one in force, the first verdict having been

set aside by the order granting the new trial, and therefore that a bill of exceptions alleged by the defendant relating only to the proceedings which resulted in the first verdict must be dismissed.

KNOWLTON, C. J. The proceedings which have been taken, on the defendant's election and with his participation, leave nothing in this case to which his bill of exceptions is pertinent. After the first trial he moved that the verdict against him be set aside and a new trial granted. The judge denied his motion in its entirety, but granted it upon a condition that he elect within five days to have a new trial on the question of damages only. The defendant seasonably filed a paper in writing duly signed, as follows: "And now comes the defendant, James E. Handrahan, and hereby elects to have a new trial on the question of damages in said action." The order and the defendant's election under it were, in substance, a setting aside of the verdict, with an agreement on the part of the defendant that at the new trial his liability should be treated as fixed, and the trial should be only to determine the amount of the damages. At the new trial the verdict was in the same form as if there had been no previous trial. It covered the issue of liability as well as that of damages. After the second trial, had in pursuance of the order and the election, there was no subsisting verdict other than the one returned at that trial. The former verdict was set aside, and the new trial called for a new verdict upon the entire case, the only peculiarity of the trial being that, by the defendant's agreement, his liability was considered as admitted.

There is no provision for the division of a verdict by a judge in such a way that it shall stand in that part which is satisfactory to him and shall be cancelled in that part with which he is dissatisfied. A verdict, as a foundation for a judgment, must be the jurors' declaration of the truth as they finally determine it. Such a verdict was rendered in this case at the second trial.

The exceptions on file relate only to the proceedings which resulted in the first verdict. If error should be discovered and the exceptions should be sustained, the order would be that the verdict — that is the first verdict — be set aside and a new trial granted. But the parties have got far beyond that. There has been a new trial, and the jury have returned a new verdict covering the whole case. Except for the bill of exceptions on

file, which has ceased to be applicable to the action in its later stages, the record shows that the case is ripe for judgment.

The plaintiff's motion that the exceptions be dismissed should have been granted.                                    *Order reversed.*

*J. P. Barlow,* (*J. D. Mulloney* with him,) for the plaintiff.

*W. J. Coughlan* for the defendant.