CARLETON A. SIMMONS *vs.* CHARLES F. FISH.

Bristol.    October 23, 1911. — January 4, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, SHELDON, & DeCOURCY, JJ.

*Practice, Civil,* New trial, Verdict, Judicial discretion, *Superior Court. Damages,* New trial concerning.

Review by RUGG, C. J., of cases in which this court in ordering a new trial confined it to the specific issue affected by the error.

In an action for the loss of an eye through the alleged negligence of the defendant in permitting his son nine years of age to have possession and control of an air gun with which he shot the plaintiff, where the jury returned a verdict for the plaintiff in the sum of $200 and the plaintiff made a motion for a new trial on the question of damages only, on the ground that the damages awarded were inadequate, in discussing the power of the Superior Court to grant such a motion, it was *said,* that it is only in exceptional and extremely rare instances that the inadequacy of damages will not be so interwoven with liability that justice can be done without a new trial upon the whole case, and that, although the court did not say that there could not be such a case, it was hard to conceive of one.

In an action by a boy for the loss of an eye through the alleged negligence of the defendant in permitting his son nine years of age to have possession and control of an air gun with which he shot the plaintiff, where the jury returned a verdict for the plaintiff in the sum of $200, it was *said,* that it was inconceivable that any jury, who had agreed upon the issue of liability should have reached such a conclusion as to damages, and that the verdict itself was almost a conclusive demonstration that it was the result, not of a justifiable concession of views by the jurors, but of an improper compromise in regard to the vital principles which should have controlled the decision, and it was *intimated,* that setting aside such a verdict on the ground that the damages were inadequate and granting a new trial on the question of damages only would be an arbitrary exercise of discretion which would exceed the powers of the trial judge.

A motion by a plaintiff in an action for personal injuries, who has obtained a verdict in an amount which he deems inadequate, " that the verdict as to damages be set aside and a new trial ordered on the question of damages only," is not a motion to set aside the verdict, but only that one feature of the verdict may be disregarded, and an order purporting to grant such a motion is of no effect and does not set aside the verdict.

TORT, by a minor by his next friend, for the loss of an eye through the alleged negligence of the defendant in permitting his son, nine years of age, to have possession and control of an air gun with which he shot the plaintiff. Writ dated May 5, 1909.

In the Superior Court the case was tried before *Hardy*, J. The plaintiff discontinued against the defendant's son, Charles Fish, who originally had been made a defendant.

There was evidence that on Christmas, December 25, 1908, the defendant gave to his son Charles a King air gun from which small shot or other pellets could be discharged by means of compressed air. He also gave him some small shot to be used with the gun. On the same day the gun was discharged in such a manner as to cause a small shot to enter the plaintiff's eye, so injuring it that its removal was necessary. Evidence was introduced by the plaintiff in support of his declaration, and the defendant introduced evidence in contradiction thereof, excepting that the fact of the injury to the eye necessitating its removal was not in dispute, and the questions of liability and amount of damage were submitted to the jury.

The jury returned a verdict for the plaintiff in the sum of $200; whereupon the plaintiff filed a motion as follows: " Now comes the plaintiff and says that the damages awarded are inadequate and moves that the verdict as to damages be set aside and a new trial ordered on the question of damages only."

The motion was heard by the judge, who indorsed the word " Allowed " on the back of the paper on which the motion was written. The defendant alleged exceptions.

The case was argued at the bar in October, 1911, before *Rugg*, C. J., *Hammond, Braley*, & *DeCourcy*, JJ., and afterwards was submitted on briefs to all the justices except *Loring*, J.

*R. P. Borden*, (*J. H. Kenyon, Jr.*, with him,) for the defendant.

*J. W. Cummings*, ( *C. R. Cummings* with him,) for the plaintiff.

RUGG, C. J. The single question presented by these exceptions is whether the Superior Court had the power (before the passage of St. 1911, c. 501, expressly conferring it), in setting aside a verdict, returned by a jury for the plaintiff in an action to recover compensation for a personal injury, on the ground of inadequacy of damages, to direct that at the new trial damages shall be the only issue, and that the other questions shall be treated as settled in favor of the plaintiff.

There can be no doubt as to the power of the court at common law to set aside a verdict as a whole for insufficient as well as for excessive damages. *Sampson* v. *Smith*, 15 Mass. 365, 367.

*Taunton Manuf. Co.* v. *Smith,* 9·Pick. 11.    *Clark* v. *Jenkins,* 162
Mass. 397.    *Shanahan* v. *Boston & Northern Street Railway,* 193
Mass. 412.    *Phillips* v. *London & South Western Railway,* 4 Q. B.
D. 406; *S. C.* 5 Q. B. D. 78.    *Johnston* v. *Great Western Rail-
way,* [1904] 2 K. B. 250, 255.    It is a constitutional incident of
trial by jury, which cannot be taken away by legislative action, that
the assistance and protection of the presiding judge shall be avail-
able to the litigants in setting aside verdicts not so supported by
law and evidence that they ought to stand.    *Opinion of the Jus-
tices,* 207 Mass. 606.    *Capital Traction Co.* v. *Hof,* 174 U. S. 1,
13.    The ancient common law doctrine that a verdict of a jury
was single and indivisible and must stand or fall as a whole was
early modified by the custom of this Commonwealth, as is pointed
out in *Bicknell* v. *Dorion,* 16 Pick. 478, 483, where a verdict was
set aside as to one of several defendants.    The practice has pre-
vailed for many years in this court of awarding a new trial upon
a single point where the error committed in the trial court was
of a kind which could be readily separated from the general
issues, and applied without injustice to one matter.

In *Winn* v. *Columbian Ins. Co.* 12 Pick. 278, 288, a plaintiff,
in an action upon a policy of insurance, dissatisfied with the
verdict, was restricted upon a new trial, to which he was
held to be entitled, to damages alone.    In *Boyd* v. *Brown,*
17 Pick. 453, 461, which was an action for trespass for carry-
ing away a schooner, the verdict was held to be for an exces-
sive amount, and the new trial was confined to damages alone.
*Robbins* v. *Townsend,* 20 Pick. 345, was an action to recover
for the support of a pauper by the keeper of a house of correc-
tion.    During the trial an error was committed in admitting evi-
dence of the official character of the plaintiff.    The court, in
sustaining the exceptions, said : " There having been a full and
legal trial on the merits as to the other parts of the case, and the
question of the appointment of the plaintiff as master of the house
of correction being entirely disconnected with the other questions
raised, and one which in no way could have had any influence
upon the finding of the jury upon those questions, the new trial
is limited to this particular point.    In cases like the present,
substantial justice may be done without disturbing the verdict
generally, by submitting to a new jury the question, in reference

to which, evidence was erroneously admitted." The money element established by the first trial and that as to the settlement of the pauper were left undisturbed. *Sprague* v. *Bailey*, 19 Pick. 436, was an action against a collector of taxes for taking personal property in levying a tax. Error was committed by the trial court touching proof whether the defendant had been duly sworn as collector, and the new trial was confined to that single issue and those necessarily dependent upon it, while other matters were left as settled by the first verdict. In *Amherst Bank* v. *Root*, 2 Met. 522, the only exception which was sustained related to the execution of a bond, and the court confined the new trial to the ascertainment of that fact alone. The only error committed by the trial court in *Hubbell* v. *Bissell*, 2 Allen, 196, 201, concerned one of several defendants, and bore upon the single ground of defense of mental incompetency, and the court granted a new trial only upon condition that it should be confined to that single issue, the facts found by the first verdict to stand in other respects. In *Seccomb* v. *Provincial Ins. Co.* 4 Allen, 152, there were actions upon policies of marine insurance. In the trial court, after a verdict for the plaintiffs, a new trial was granted solely for the purpose of submitting to another jury the question whether, according to the usage of commerce, Smyrna·was a port in Europe, in all other respects the plaintiffs being held entitled to retain the benefits of the findings of the verdict in their favor. By reason of the conduct of parties, it was held that a new trial upon all issues was open, but by inference the restriction of the new trial to the single point was approved. *Wayland* v. *Ware*, 109 Mass. 248, was an action to recover for the support of a pauper. The only error committed by the trial court related to evidence on the question, whether one Davis was credited to the defendant town as a part of its quota of enlistments in the civil war. In sustaining the exceptions, the court restricted the new trial to that part of the case which had been affected by this error, and outlined alternative forms of judgment to be thereafter entered dependent upon the finding of that fact at the new trial. *Warshauer* v. *Jones*, 117 Mass. 345, was a writ of entry to recover one tract of land consisting of a passageway and a strip of land. Error was committed during the trial, and the court directed a verdict to stand as to the passageway, which was not affected by the error

of the trial court, and that the new trial be restricted to the rest
of the demanded premises. In *Monies* v. *Lynn*, 119 Mass. 273,
a special finding by the jury was set aside, and a general verdict
allowed to stand. See *Hawks* v. *Truesdell*, 99 Mass. 557. Dur-
ing the trial upon complicated issues between several parties,
in *Merchants' Ins. Co.* v. *Abbott*, 131 Mass. 397, 407, error was
committed upon one aspect, which the court held to be separable
from others, and granted a new trial conditionally as to that alone.
In *Morrison* v. *Richardson*, 194 Mass. 370, the plaintiff's excep-
tions as to the rule of damages laid down by the trial court were
sustained but the new trial was confined to damages alone. In
*Gorham* v. *Moor*, 197 Mass. 522, error of the trial court touch-
ing the issue of undue influence over a testator was not allowed
to affect the verdict as to soundness of mind. See also *Blackburn*
v. *Boston & Northern Street Railway*, 201 Mass. 186. *Dulligan*
v. *Barber Asphalt Paving Co.* 201 Mass. 227, 233, was an action
in two counts, the first to recover for the death, and the second
for the conscious suffering, of an employee of the defendant
under R. L. c. 106. A mistake of the trial court touching the
first count was not permitted to disturb the verdict in favor of
the plaintiff upon the second count. See also *Pratt* v. *Boston
Heel & Leather Co.* 134 Mass. 300; *Bardwell* v. *Conway Mutual
Fire Ins. Co.* 118 Mass. 465, 469; *Negus* v. *Simpson*, 99 Mass.
388, 395; *Dyer* v. *Rich*, 1 Met. 180, 192; *Ryder* v. *Hathaway*,
21 Pick. 298, 306; *Boyd* v. *Brown*, 17 Pick. 453; *Kent* v. *Whit-
ney*, 9 Allen, 62; *Hunter* v. *Farren*, 127 Mass. 481, 485;
*Whipple* v. *Rich*, 180 Mass. 477, 480; *DeForge* v. *New York,
New Haven, & Hartford Railroad*, 178 Mass. 59, 64; *John
Hetherington & Sons* v. *William Firth Co.* 210 Mass. 8; *Thom-
son* v. *Pentecost*, 206 Mass. 505, 513; *Stynes* v. *Boston Elevated
Railway*, 206 Mass. 75, 78; *Montgomery Door & Sash Co.* v.
*Atlantic Lumber Co.* 206 Mass. 144, 147, all of which are in-
stances of new trials as to damages alone, sometimes on the
exceptions of one party, sometimes on those of another, and
sometimes on those of both.

This review of our cases demonstrates that this court continu-
ously from early times has exercised the power of narrowing a
new trial to specific points in cases where the error committed at
the trial was so limited in character as with justice to both parties

to be separable from the other issues determined by the first verdict. It has done this as a part of its inherent judicial authority, and not under any statute. It has exercised the power in a great variety of cases touching divers kinds of issues involved in general verdicts. The guiding principle is that, although a verdict ought not to stand which is tainted with illegality, there ought to be but one fair trial upon any issue, and that parties ought not to be compelled to try anew a question once disposed of by a decision against which no illegality can be shown. Thus the parties and the Commonwealth have been saved the expense, annoyance and delay of a retrial of issues once settled by a trial as to which no reversible error appears. Most of these cases show action by this court as an appellate tribunal whose jurisdiction in this regard is broad. But they show also that in reason where a verdict is set aside for any cause for which it may be by a trial court, the new trial may be limited in range. The Superior Court is a court of general jurisdiction, and it has the power to set aside verdicts and " order a new trial for any cause for which a new trial may by law be granted," (R. L. c. 173, § 112,) in which are included excessive or insufficient damages. If it is convinced upon a review of the whole case that the jury have settled the issue of liability fairly and upon sufficient evidence, so that dissociated from other questions it ought to stand as the final adjudication of the rights of the parties, and that there has been such gross error in the determination of damages as requires the setting aside of the verdict, that court has the power to do so, and confine a new trial to damages alone. It is a power which ought to be exercised with great caution, with a careful regard to the rights of both parties, and only in those infrequent cases where it is certain and plain that the error which has crept into one element of the verdict by no means can have affected its other elements. But when a proper occasion clearly exists, it is in the interests of justice to exercise the power. There is nothing inconsistent with this view in the decision of *Timpany* v. *Handrahan*, 198 Mass. 575. The language of the opinion that there can be no " division of a verdict by a judge in such a way that it shall stand in that part which is satisfactory to him and shall be cancelled in that part with which he is dissatisfied " was used in deciding the narrow point of practice then under discussion. A verdict

cannot be divided, but it can be set aside as a whole and an order entered that at the new trial where a final verdict shall be rendered the range of inquiry as to facts shall be limited to issues less than those open upon a general trial. No sound distinction in this regard can be made between a verdict in which excessive damages have been returned and one in which inadequate damages have been awarded. Indeed, it is said in the *Opinion of the Justices*, 207 Mass. 606, 609, referring to a proposed statute in terms limiting a new trial to the question of damages alone, when that is the sole ground for granting a new trial: " In substance the section is in accordance with the general practice to grant a new trial upon the question of damages only, if the verdict is satisfactory in all particulars as a determination of the liability."

It is undoubtedly true that in England there can be no limitation of a new trial to specific issues without consent of both parties. There a new trial means a new trial as to all issues, unless by agreement of parties. *Watt* v. *Watt*, [1905] A. C. 115, overruling *Belt* v. *Lawes*, 12 Q. B. D. 356, a contrary decision in the court of appeal. The great weight of authority in this country supports the conclusion we have reached.*

It is strongly argued by the defendant that the verdict, being only $200 for the loss of an eye, was virtually a verdict for the defendant, and that he may have suffered rights to lapse of which he would have availed himself had he foreseen that the issue of liability would be treated as finally established against him. If substantial exceptions had been taken by the defendant upon

---

* *Lisbon* v. *Lyman*, 49 N. H. 553, 582–605. *Lake* v. *Bender*, 18 Nev. 361, 369–381. *Duff* v. *Duff*, 101 Cal. 1, 5. *San Diego Land & Town Co.* v. *Neale*, 78 Cal. 63. *Woodward* v. *Horst*, 10 Iowa, 120. *Ramsdell* v. *Clark*, 20 Mont. 103. *Schlitz Brewing Co.* v. *Ester*, 86 Hun, 22. *Lavelle* v. *Corrignio*, 86 Hun, 135. *Laney* v. *Bradford*, 4 Rich. (S. C.) 1. *Walker* v. *Blassingame*, 17 Ala. 810. (See *Edwards* v. *Lewis*, 18 Ala. 494.) *Zaleski* v. *Clark*, 45 Conn. 397, 404. *McKay* v. *New England Dredging Co.* 93 Maine, 201. *Treat* v. *Hiles*, 75 Wis. 265, 276. (See *Hutchinson* v. *Piper*, 4 Taunt. 555.) *Burnett* v. *Roanoke Mills Co.* 152 N. C. 35, 41. *Goss* v. *Goss*, 102 Minn. 346. *Fry* v. *Stowers*, 98 Va. 417. *More-Jonas Glass Co.* v. *West Jersey & Seashore Railroad*, 47 Vroom, 9. *Clark* v. *New York, New Haven, & Hartford Railroad*, 33 R. I. 83. *Cramer* v. *Barmon*, 193 Mo. 327.

*Contra*: *State* v. *Templin*, 122 Ind. 235. *Johnson* v. *McCulloch*, 89 Ind. 270. *Seaboard Air Line Railway* v. *Randolph*, 129 Ga. 796. *Central of Georgia Railway* v. *Perkerson*, 112 Ga. 923.

any issue other than that of damages, or if in other respects the defendant's rights have been impaired by relying upon the verdict, it would be capricious and not just to restrict a new trial to damages alone. If facts of this character appeared upon the record, a different case would be presented. There is nothing to show the existence of such circumstances. The bald question raised upon this branch of the case is as to the power of the Superior Court to grant a new trial upon this restricted issue. It is only in exceptional and extremely rare instances that the inadequacy of damages will not be so interwoven with liability that justice can be done without a new trial upon the whole case. Although we do not say that there cannot be such a case, it is hard to conceive of one.

It is urged that this was a compromise verdict, where certain jurors must have conceded their conscientious belief that the defendant ought to prevail to the end that agreement might be reached. In order to pass upon the soundness of this argument, it becomes necessary to inquire what a compromise verdict is, and to ascertain whether this was such a verdict. It was said by Cooley, J., in *Goodsell* v. *Seeley*, 46 Mich. 623, at 628, "It is no doubt true that juries often compromise . . . and that 'by splitting differences' they sometimes return verdicts with which the judgment of no one of them is satisfied. But this is an abuse. The law contemplates that they shall, by their discussions, harmonize their views if possible, but not that they shall compromise, divide and yield for the mere purpose of an agreement. The sentiment or notion which permits this tends to bring jury trial into discredit and to convert it into a lottery." See also *Meyer* v. *Shamp*, 51 Neb. 424, 430. While jurymen must not go contrary to their convictions, they properly ought to give great heed to the opinions of their fellows, and by reasonable concessions reach a conclusion which, although not that originally entertained by any of them, nevertheless may be one to which all can scrupulously adhere. *Dorr* v. *Fenno*, 12 Pick. 521. *Commonwealth* v. *Tuey*, 8 Cush. 1. *Commonwealth* v. *Whalen*, 16 Gray, 25. *Commonwealth* v. *Poisson*, 157 Mass. 510. *McCoy* v. *Jordan*, 184 Mass. 575. *Highland Foundry Co.* v. *New York, New Haven, & Hartford Railroad*, 199 Mass. 403. *Scholfield Gear & Pulley Co.* v. *Scholfield*, 71 Conn. 1, 23. *Hamilton* v.

*Owego Water Works*, 22 App. Div. 573, 578, affirmed 163 N. Y. 562. *Wolf* v. *Goodhue Fire Ins. Co.* 43 Barb. 400, 407, affirmed 41 N. Y. 620. *Owens* v. *Missouri Pacific Railway*, 67 Texas, 679, 684. *Benedict* v. *Michigan Beef & Provision Co.* 115 Mich. 527. *Snyder* v. *Lake Shore & Michigan Southern Railway*, 131 Mich. 418. A verdict which is the result of real harmony of thought growing out of open-minded discussion between jurors with a willingness to be convinced, with a proper regard for opinions of others and with a reasonable distrust of individual views not shared by their fellows and a fair yielding of one reason to a stronger one, each having in mind the great desirability of unanimity both for the parties and for the public, is not open to criticism. But a verdict which is reached only by the surrender of conscientious convictions upon one material issue by some jurors in return for a relinquishment by others of their like settled opinion upon another issue and the result is one which does not command the approval of the whole panel, is a compromise verdict founded upon conduct subversive of the soundness of trial by jury. The jury room cannot be entered in order to ascertain what has transpired there. Its deliberations are in secret, and ordinarily cannot be made the subject of testimony by jurors. *Woodward* v. *Leavitt*, 107 Mass. 453. What went on there may be learned by other sources. *Wright* v. *Abbott*, 160 Mass. 395. It is not infrequently possible to determine with some approximation to accuracy what went on there from the result produced. This is such a case.

It seems plain from the record that this was a compromise verdict. The issue of liability was contested at the trial. There was no contest as to the injury done. It was such as necessitated the removal of the eye of a boy under twenty-one years of age. He must go through life, which may be a long one, disabled and disfigured. The severity of the injury need not be elaborated, for it is beyond contention. The damages under the law, if liability was established, should have been assessed not according to the degree of culpability of the defendant, but solely upon the basis of compensation to the plaintiff. The single question was what was the money value to be awarded to a boy for the loss of an eye. The jury said $200. It is inconceivable that any jury, having agreed upon the issue of liability, should have

reached such a determination as to damages. They had no right to consider the subject of damages until they had settled the liability in favor of the plaintiff. The verdict itself is almost conclusive demonstration that it was the result, not of justifiable concession of views, but of improper compromise of the vital principles which should have controlled the decision. The inference is irresistible that it could have been reached only by certain of the panel conceding their conscientious belief that the defendant ought to prevail upon the merits in order that a decision might be reached. It is possible that a trial judge might let such a verdict stand, for various reasons: as, for instance, if on the whole it should appear to him that a verdict for the defendant ought not to have been set aside. But it would be a gross injustice to set aside such a verdict as to damages alone against the protest of a defendant, and force him to a new trial with the issue of liability closed against him when it appears obvious that no jury had ever decided that issue against him on justifiable grounds. Although the decision of a motion for a new trial rests within the discretion of the trial court ( *Welsh* v. *Milton Water Co.* 200 Mass. 409, *Scannell* v. *Boston Elevated Railway,* 208 Mass. 513, *Powers* v. *Bergman, ante,* 346, and cases cited in each of these opinions) it is a sound judicial and not an arbitrary discretion which must be exercised. A failure in this regard is subject to revision. However, the present case does not require a decision upon this ground, as the exceptions must be sustained for another reason.

The motion of the plaintiff was that the " verdict as to damages be set aside and a new trial ordered on the question of damages only." The Superior Court simply " allowed " the motion. It is to be noted that this is not the common form of motion. By the unusual form of his motion the plaintiff sought not a setting aside of the verdict but simply one aspect of it. Indeed, it is not a motion for a new trial at all, but only that one feature of the verdict be disregarded and that a new jury pass upon that feature. This is not correct practice. The only motion known to the law in this connection is one for setting aside the verdict and ordering a new trial. If granted, the entire verdict is set aside. A verdict as the foundation of a judgment in law is an elemental entity, and cannot be " divided

by a judge." *Timpany* v. *Handrahan*, 198 Mass. 575. It must either stand or be set aside. If it is set aside, the new trial may be restricted, as has been pointed out. That is a determination which can be made logically only after the verdict is set aside. But the plaintiff by the form of his motion apparently undertook to give to the court no opportunity to set aside the verdict as a whole, and the form in which the decision of the court was expressed restricts its scope to the phrase of the motion, and does not go beyond it. It follows that the verdict has not been set aside.

*Exceptions sustained.*