NEW YORK PETTICOAT MANUFACTURING CO., INC., Respondent, *v.* J. WILLIS FLICKINGER and HENRY S. STORY, Appellants.

(Supreme Court, Appellate Term, First Department, January, 1918.)

Verdict — in Municipal Court of city of New York for damages caused by leak in water tank — landlord and tenant — trial — negligence. New trial — damages — verdict — Municipal Court Code, § 129(5).

Where in an action brought in the Municipal Court by a tenant to recover for damages caused to its merchandise because of a leak in a water tank under the control of defendants, its landlords, the issue whether the leak was caused by defendants' negligence was sharply litigated and a verdict of fifty dollars in favor of plaintiff is so small compared with the undisputed testimony of plaintiff's witnesses as to justify an inference that it was the result of a compromise, a motion to set aside the verdict will be granted.

Where the order setting aside the verdict recited that it was made on grounds other than that of inadequacy of damages, the trial judge, so far as the verdict may have been set aside on such other grounds, has no right to limit a new trial to the question of damages, that question not being separable from the other issues in the case.

Under section 129(5) of the Municipal Court Code a new trial may be limited to certain questions only if they are sepa-

rable, and where it is limited to the question of damages the verdict or judgment must have been set aside solely because the damages are excessive or inadequate.

Appeal by the defendants from an order of the Municipal Court of the city of New York, borough of Manhattan, first district, setting aside, upon reargument, a verdict of fifty dollars in favor of the plaintiff and granting a new trial.

Katz & Sommerich (Otto C. Sommerich and Harold H. Herts, of counsel), for appellants.

Wolff & Goodman (Harry Wolff, of counsel), for respondent.

Lehman, J. The plaintiff brought an action against the defendants to recover for damages alleged to have been caused to merchandise belonging to them, by reason of a leak in a water tank in the control of the defendants, who are the plaintiff's landlords.

The issue of whether the leak was caused by the negligence of the defendants was sharply litigated but the testimony as to the injury to the goods was hardly disputed and some of the goods were produced in court as an exhibit by the plaintiff. The trial judge submitted to the jury the question of whether the injuries to the plaintiff's goods were caused by the defendants' negligence. The jury returned a verdict in favor of the plaintiff for the sum of fifty dollars. Thereupon the plaintiff moved " to set aside and vacate said verdict and for a new trial on the grounds contained in section 999 of the Code of Civil Procedure and in section 129 of the Municipal Court Code or the corresponding section to said section 999 of the Code of Civil Procedure with the exception that the said verdict was excessive, and especially on the grounds that said verdict was contrary to law and fact with

respect to the amount of the damage sustained by plaintiff, and that said verdict was inadequate and insufficient.''

The trial justice denied this motion but the plaintiff thereafter obtained an order to show cause why its motion should not be reargued and upon such reargument the trial judge granted the motion to set aside the verdict upon the grounds urged by the plaintiff and ordered a new trial '' which new trial shall be limited and confined solely to the question of damages.'' The defendants now appeal from that order.

It seems to me that the trial judge in the exercise of his discretion might well have determined upon this record that the damages found by the jury are inadequate. It is true that the jury is not bound on the question of damages by the evidence of expert witnesses and especially where the goods are presented to them they have a right to exercise their own judgment as to the actual damages suffered. On the other hand, in the present case the damages awarded to the plaintiff are so small compared with the apparently undisputed testimony of plaintiff's witnesses that it may fairly be argued that the jury have arrived at their verdict not by consideration of the evidence but as a result of compromise or mistake and that, if the plaintiff is entitled to any damages, it is entitled to larger damages than those found by the jury. It follows that the trial judge correctly set aside the verdict.

The question, however, remains whether the trial judge could properly limit the new trial to the question of damages and allow the verdict or judgment to stand in all other respects. Section 129, subdivision 5, of the Municipal Court Code provides: ''A new trial may be limited to the questions with respect to which the verdict or judgment is found to be wrong, if such

questions are separable.  If a verdict or judgment is set aside solely because the damages are excessive or inadequate, it may stand in all other respects and the new trial may be limited to the question of damages.'' It is urged that under this provision of the Municipal Court Code the trial judge in this case had the right to limit the new trial to the question of damages. Under this provision of the Code a new trial may be limited to certain questions only if such questions are separable and where the new trial is limited to the question of damages the verdict or judgment must have been set aside solely because the damages are excessive or inadequate.  In the present case the order setting aside the verdict recites that it is made on other grounds in addition to the ground that the damages are insufficient and, in so far as the verdict may have been set aside on such grounds, the trial judge had no right to limit the questions to be tried as has been done in this case.  Moreover it appears to be clear in this case that the issue of damages is not separable from the other issues.  In the case of *Simmons* v. *Fish,* 210 Mass. 563, the court stated: '' It is only in exceptional and extremely rare instances that the inadequacy of damages will not be so interwoven with liability that justice can be done without a new trial upon the whole case.''  In the present case the jury had to deal with no complicated rule of liability; with no large number of items but had merely to determine the actual damage done to certain goods some of which were presented to their view.  If the jury was wrong in fixing the damages at fifty dollars, that result has been arrived at either by a compromise or by a total disregard of the evidence in this case.  Since that is the case it is impossible to say that the jury actually found the defendants guilty of negligence upon a consideration of the evidence but erroneously

determined the amount of the judgment.   There are, of course, cases where inadequacy of damages is evidently due to a misunderstanding of the evidence presented on that issue and where it is possible to say from the record that the jury has determined the liability as an issue separate and distinct from the amount of the damages awarded.   Under those circumstances and those circumstances alone, the court may, upon setting aside that verdict, limit the issue to the question of damages.   In the case of *Simmons* v. *Fish, supra,* p. 568, the court said: " If it is convinced upon a review of the whole case that the jury have settled the issue of liability fairly and upon sufficient evidence, so that dissociated from other questions it ought to stand as the final adjudication of the rights of the parties, and that there has been such gross error in the determination of damages as requires the setting aside of the verdict, that court has the power to do so, and confine a new trial to damages alone.   It is a power which ought to be exercised with great caution, with a careful regard to the rights of both parties, and only in those infrequent cases where it is certain and plain that the error which has crept into one element of the verdict by no means can have affected its other elements.   But when a proper occasion clearly exists, it is in the interests of justice to exercise the power."

It follows that the order setting aside the verdict should be modified by striking out the provisions limiting the issues to the question of damages and, as modified, affirmed, with twenty-five dollars costs to the appellant to abide the event.

Weeks and Finch, JJ., concur.

Order modified and, as modified, affirmed, with costs.