NEW ENGLAND BUILDING TRUST *vs.* MONTAUP ELECTRIC
COMPANY.

Bristol.    October 4, 1967. — November 3, 1967.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Evidence,* Relevancy and materiality, Unnecessary evidence.    *Error,*
Whether error harmful.    *Practice, Civil,* Exceptions: whether error
harmful.

At the trial of a proceeding for assessment of damages resulting from a
taking by eminent domain of an easement over the petitioner's land,
where counsel agreed that title thereto was in the petitioner and the
only matter for jury determination was the amount of the damages
and the judge "properly excluded" evidence of the price the petitioner
had paid for the land about ten years previously, it was harmful error
to admit in evidence "on the limited issue of title — not as any evi-
dence of the value of the property" a "photo-copy of the original deed
. . . [containing] a picture of the Federal as well as the State docu-
mentary stamps, which stamps represented the amount of money
paid for the purchase" of the land, and containing a recital of the
price paid by the petitioner; and a new trial on the question of dam-
ages only was ordered.

PETITION filed in the Superior Court on December 18,
1964.

The case was tried before *Smith, J.*

*Edward E. Cohen* for the petitioner.

*James P. McGuire* for the respondent.

SPIEGEL, J.    This is a petition for the assessment of
damages under G. L. c. 79, for the taking of an easement
over the petitioner's land.    The petitioner excepted to the
admission in evidence of a deed to the locus.

The correctness of that ruling is the only issue before us.

At the trial Mr. Edward E. Cohen "presented the matter
as attorney as well as trustee of the [p]etitioner."    After
he had read the petition to the jury, he made a statement
in open court that by agreement of counsel it was admitted
that title to the property was in the petitioner and that the
respondent had complied with all of the "required pre-
requisites in the taking of an easement over the land of the

[p]etitioner . . . so that the only matter for consideration or determination by the jury was the quantum of the damages to be paid . . . based upon the fair market value of the property . . . on . . . the date of [the] taking." After Mr. Cohen had testified that the property was purchased in May of 1956, he was asked in cross-examination what he had paid for the land. Upon objection this question was "properly excluded by the [c]ourt." Subsequently the respondent "offered a photo-copy of the original deed with a picture of the Federal as well as the State documentary stamps, which stamps represented the amount of money paid for the purchase of this land." The judge, subject to the petitioner's exception, admitted the instrument in evidence "on the limited issue of title — not as any evidence of the value of the property."

The respondent argues that "[t]he offer of the deed in evidence was a general one" and that "[e]ven though it might be considered as cumulative evidence, it was clearly within the [c]ourt's discretion to admit the deed in evidence, especially when the purpose of its reception was so narrowly limited." The respondent then asserts that "the admission of cumulative evidence, if the admission of the deed can be so described," did not "result in any harm to the petitioner."

The respondent also claims that the deed, "if admitted without limitation, would show the precise limits of the petitioner's land, its location, and, in this case, its extreme length in relation to its width [and] as such it would have been relevant and material to the issue." We note in this connection that when the judge admitted the deed in evidence the respondent made no objection to the admission of the instrument for the limited purpose stated by the judge.

The parties having agreed that title to the property was in the petitioner and that the respondent had complied with all the "required pre-requisites in the taking" the only issue that remained in the case was the question of damages. For all practical purposes, except for that issue, it was a case stated. Any evidence as to title was completely unnecessary. An examination of the deed shows that not only were

revenue stamps affixed thereto from which the purchase price could be determined, but that the very first paragraph of the deed recites the price paid by the petitioner about ten years previously.

It would indeed be naive to assume that the jury were not made aware of the purchase price but limited their examination of the instrument to determine whether the petitioner had title, a point not in dispute.

We believe that the introduction of the deed in evidence was simply a maneuver to present indirectly to the jury evidence which the judge had ruled inadmissible. We are of opinion that the admission of the deed was harmful error.

The new trial will be on the question of damages only. *Simmons* v. *Fish*, 210 Mass. 563. See also G. L. c. 231, § 132.

*Exceptions sustained.*