By the Court. Bosworth, Ch. J.
—This is an appeal by the plaintiff from an order denying a motion made by him for a new trial.
The action is brought to recover damages for a personal injury to the plaintiff, alleged to have been caused by the defendants. The jury found a verdict for the plaintiff, for six cents damages. The plaintiff was injured on the 28th of February, 1854. He was so much injured that he remained insensible through the day, and “ was laid up in this city nearly five months, most of the time confined to the house.”
Dr. Chapin attended him for three weeks, and testified thus : “ I called this a severe injury, so severe that he did not use his feet, or hardly know he had any feet, for ten or twelve days.” A person thus injured by the negligence of another, and without fault on his part, is entitled to recover more than six cents damages.
The jury found that he was injured by the defendants’ negligence, and the evidence already stated as to the extent of the injury, was not controverted.
The defendants insist that they were entitled to a dismissal of the complaint; that the jury should have found in their favor, and that, substantial justice having been done, a new trial should not be granted, although the verdict is in favor of the plaintiff.
When the plaintiff rested, the defendant,s moved to dismiss the complaint, on two grounds :
I. Because at the time of the injury the plaintiff was improperly in the defendants’ depot; and
II. Because his own negligence caused or directly con *5 tributed to the accident. This motion was denied. It was renewed when all the evidence had been given, and was again denied. Each decision was excepted to, but the defendants have not appealed.
The testimony of Robbins as to his own experience and practice in carting goods from defendants’ depot, and his ignorance of the alleged rules, that the carmen should not go into the freight sheds, corroborated by that of Ryerson, presented a case, which precluded a dismissal of the complaint on the ground first stated.
On the evidence, as it is presented by the appeal, the judge could not properly dismiss the complaint on the second ground. The case was one calling for the decision by a jury of the disputed questions of fact.
It being proper to submit the questions of fact to the jury, and they having found that the plaintiff was injured by the negligence of the defendants, and without fault on his part, the verdict must be set aside.
With such a verdict upon the record, the farther part of it, that the plaintiff is entitled to but six cents damages, is contrary to the clear and uncontroverted evidence, to the law of the case, and to the charge of the court in that behalf. The damages are clearly inadequate, (2 E. D. Smith, 349.)
The order must be reversed and a new trial granted, and the costs of the former trial, and of the subsequent proceedings, including the costs of this appeal, must be ordered to be costs in the cause, and to abide event. (Knapp v. Curtis and Root, v. 9 Wend. R. 60.)
Ordered accordingly.