[No. 5,986.]

# DuBRUTZ et al v. JESSUP.

NEW TRIAL—SPECIFICATION—Where on motion for new trial the verdict is objected to on the ground that the damages are assessed in too great or too small a sum, it is a sufficient specification to say that the verdict in respect to said damages is not sustained by the evidence.

ID.—In case of a substantial conflict in the testimony, the action of the Court below, in granting or refusing a new trial, will be sustained.

APPEAL from an order granting plaintiff a new trial in the Fourth District Court, City and County of San Francisco. MORRISON, J.:

Action for damages for breach of contract. The jury found for the plaintiff in the sum of $250. The bill of exceptions specifies that "the said verdict in respect to the said damages is not sustained by the evidence, and is contrary to the law and the evidence." The other facts are stated in the opinion.

*E. B.* and *J. W. Mastick,* for Appellant.

The statement contains no specification of particulars wherein it is alleged the evidence was insufficient to sustain the verdict.

In case of conflicting evidence, the verdict should not be disturbed, unless the preponderance is so overwhelming as to make it apparent that the verdict was the result of passion, prejudice, or corruption. (3 Wait's Prac. 405; *Collins* v. *Albany & S. R. R. Co.* 12 Barb. 492–9; *Whipple* v. *Cumb. Man. Co.* 2 Story, 670.)

*B. S. Brooks*, for Respondents.

If the Court below was of opinion that the evidence preponderated against the verdict, it was its duty to grant a new trial. (*Mason* v. *Austin*, 46 Cal. 385 ; *Mariani* v. *Dougherty*, Id. 26 ; *Potter* v. *Seale*, 5 Id. 410.) The Appellate Court will not disturb an order granting or refusing a new trial, where there is a substantial conflict in the testimony.

Department No. 1, by the Court (from the Bench):

We are of opinion that, so far as the party, against whom the verdict has gone, depends upon the circumstance that damages have been allowed in too great or too small a sum, he may rely upon the ground that the verdict is not sustained by the evidence. Even when—in the case of excessive damages—he is prepared to show that the excess indicates passion or prejudice, in such case, he may rely upon either one of these two grounds : that the evidence does not sustain the verdict, or that the verdict is the result of passion or prejudice. Further, we are of opinion that this bill of exceptions contains a sufficient specification of the particulars, in which the evidence is claimed to be insufficient. And we add—there being a substantial conflict in the evidence upon the main issues submitted to the jury—we will pursue in this case the established rule, which is, where such conflict appears, to sustain the action of the Court below.

The Court having granted a new trial, the order is affirmed.