[No. 11156.   Department Two. — March 25, 1887.]

MARY C. BENNETT, RESPONDENT, v. W. D. HOBRO, APPELLANT.

NEW TRIAL — ACTION TO RECOVER FOR PERSONAL INJURIES — INADEQUACY OF VERDICT — SPECIFICATION OF ERROR. — In an action to recover damages for personal injuries, the plaintiff in whose favor the verdict is rendered, may move for a new trial upon the ground that the verdict, being too small, is not sustained by the evidence; and a specification of error in the statement to the effect that it appears from the evidence that the injuries of the plaintiff were very serious, and that the sum found by the jury was unreasonable and grossly inadequate, is a sufficient specification.

ID. — DISCRETION OF TRIAL COURT — VERDICT CONTRARY TO EVIDENCE. — The lower court has discretion to grant a new trial when it is of opinion that the verdict is contrary to the weight of evidence; and the Supreme Court will not interfere with its discretion in so doing, except in extreme cases, or where it is apparent that the lower court has proceeded upon an erroneous hypothesis.

APPEAL from an order of the Superior Court of the city and county of San Francisco granting a new trial.

The facts are stated in the opinion.

*Bennett, Wigginton & Creed,* and *Wigginton, Creed & Hawes,* for Appellant.

*Crittenden Thornton,* and *F. H. Merzbach,* for Respondent.

SEARLS, C. — This is an action to recover damages laid at ten thousand dollars, for injuries sustained by plaintiff, by falling through a trap-door in a building of one E. J. Bennett, alleged to have been carelessly and negligently left open by the servants and employees of said defendant.

The cause was tried by a jury, and a verdict rendered in favor of plaintiff for two hundred dollars, upon which judgment was entered.

In due time plaintiff moved for a new trial upon the grounds of, — "1. Insufficiency of the evidence to justify the verdict; 2. That said verdict is against law and against the evidence."

The motion was granted, and defendant appeals from the order of the court thus awarding a new trial.

Among the specifications of error in the statement is one to the effect that it appears from the evidence that the injuries of plaintiff were very serious, and that the sum paid [found] by the jury of two hundred dollars was unreasonably and grossly inadequate.

In *Dubrutz* v. *Jessup*, 54 Cal. 118, it was held that where a party against whom a verdict was rendered depended upon the circumstance that the verdict was too large or too small, he might rely upon the ground that the verdict was not sustained by the evidence, the specification being that "the said verdict in respect to the said damages is not sustained by the evidence, and is contrary to the law and the evidence," and this was held a sufficient specification.

Reference to the evidence on this point shows that it tended to prove the injuries sustained by the plaintiff to have been very severe, resulting in her long confinement, with a reasonable apprehension that they may permanently disable her.

Under such circumstances, the court may well have concluded that the sum awarded her was insignificant in proportion to the injuries received.

It is within the province of the Superior Court to grant a new trial where it is of opinion the verdict is contrary to the weight of evidence. (*Bauder* v. *Tyrrel*, 59 Cal. 99; *Irving* v. *Cunningham*, 58 Cal. 306.) And this court will not interfere with its discretion in so doing, except in extreme cases, or except in cases where it is apparent the court below has proceeded upon an erroneous hypothesis.

We are of opinion the order appealed from should be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

THE COURT.—For the reasons given in the foregoing opinion, the order is affirmed.