### BERRY v. LAKE ERIE & W. R. CO.

#### (Circuit Court, D. Indiana. February 27, 1896.)

#### No. 9,277.

DAMAGES—AMOUNT—PERSONAL INJURIES.

> In an action by an infant of the age of seven years, brought by her next friend, against a railway company, to recover damages for personal injuries resulting in the loss of plaintiff's right leg below the knee, the jury gave plaintiff a verdict for $1,100. There was no proof of any expense incurred, or pecuniary loss. *Held*, that the amount of the verdict, though less than the court would have approved, did not afford such evidence of bias, passion, prejudice, or mistake as to justify setting it aside as inadequate.
>
> See decision on motion to strike out part of answer in 70 Fed. 679.

Duncan, Smith & Hornbrook and Conner & McIntosh, for plaintiff.
W. E. Hackedorn, John B. Cockrum, and Miller, Winter & Elam, for defendant.

BAKER, District Judge. This was an action by Pearlie Berry, an infant of the age of seven years, by her next friend, Addie Berry, against the defendant, to recover damages for personal injuries resulting in the loss of her right leg below the knee. A trial was had, resulting in a verdict for her against the railroad company, assessing her damages at $1,100. The plaintiff asks the court to grant a new trial, solely on the ground that the damages are inadequate. No exception was taken to any ruling of the court during the trial, nor did either party except to any portion of the instructions given by the court to the jury. The verdict of the jury settled—and, I think, cor-

rectly—that the injury arose wholly from the negligence of the defendant, without contributory fault on the part of the plaintiff.

When an action sounds in tort, for the recovery of unliquidated damages, to the admeasurement of which no fixed rule of law can be applied, the court ought not to set aside the verdict of a jury simply because the damages are, in its opinion, inadequate or excessive, unless it clearly appears that the verdict is so grossly inadequate or excessive as to afford evidence of bias, passion, or prejudice, or of mistake and oversight, in failing to take into consideration the proper elements of damage in assessing the amount of recovery. The present case does not seem to fall within this rule. A brief review of the cases cited and relied upon by the plaintiff will make this apparent.

It has been correctly said that:

"A verdict for a grossly inadequate amount stands upon no higher ground, in legal principle, nor in the rules of law or justice, than a verdict for an excessive or extravagant amount. It is doubtless true that instances of the former occur less frequently, because it is less frequently possible to make it clearly appear that the jury have grossly erred. But, when the case does plainly show such a result, justice as plainly forbids that the plaintiff should be denied what is his due as that the defendant should pay what he ought not to be charged." McDonald v. Walter, 40 N. Y. 551, 554.

This case was an action brought by a vendor against a purchaser to recover damages for breach of contract in refusing to receive and pay for personal property sold, in which the jury returned a verdict for the plaintiff for a far less sum than the amount of damages he was entitled to recover, upon any construction of the evidence, if he had any cause of action whatever. It was held that the plaintiff was entitled to a new trial, on the ground that the verdict totally disregarded the evidence of the damages sustained. This was a case in which the plaintiff, if he had any cause of action, was entitled to recover as damages the difference between the contract price and the market price at the time and place fixed for the delivery of the property sold, and this rule of law was totally disregarded by the jury.

The case of Robbins v. Railroad Co., 7 Bosw. 1, was an action to recover damages for personal injuries. The plaintiff was so much injured that he remained insensible through the day on which the accident happened, and was laid up for nearly five months, most of the time confined to the house. The jury returned a verdict for the plaintiff, assessing his damages at six cents. The court, in affirming the action of the trial court in granting a new trial, said of this verdict, "It is contrary to the clear and uncontradicted evidence, to the law of the case, and to the charge of the court in that behalf." Such a verdict, for such serious injuries, was calculated to shock the moral sense, and, if permitted to stand, to bring reproach on the administration of justice.

The case of Whitney v. City of Milwaukee, 65 Wis. 409, 27 N. W. 39, was an action to recover damages for personal injuries sustained by reason of the unsafe and defective condition of a cross walk in the defendant city. The plaintiff was very much injured, and he suffered from the injury very much pain for a considerable time. He was compelled to carry his arm in a sling for two months, and was unable

to use his arm, as before the injury, in his business. The verdict of the jury was for the plaintiff, and they assessed his damages, all told, consisting of the cost of medical attendance and other expenses of cure, loss of time, and pain and suffering, at $24.27. Having failed to recover $50, the defendant was entitled to recover of the plaintiff the costs of the action, amounting to $30.47; so that the result of the trial was that the plaintiff was $6.20, besides his attorney's fee, worse off than before it took place. The court said this verdict, on its face, was perverse; that it was trifling with a case in court, and public justice, and was justly calculated to cast odium on the jury system.

The case of Mariani v. Dougherty, 46 Cal. 27, was an action to recover damages caused by the careless and reckless taking of the decedent's life, in which the jury returned a verdict of $200 as a just and fair compensation for the damages sustained by the death of the plaintiff's intestate. The decedent was a house painter and paper hanger by trade, about 56 or 57 years of age, industrious and temperate. He found employment about three-fourths of the time, and made, when at work, from $4 to $7 per day. He had four sons and one daughter, all of whom had reached the age of majority, except one, and he was 10 or 11 years of age, living with and dependent upon his father for support. The court below granted a new trial because it seemed a mockery of justice to assess such an insignificant sum as a just and fair compensation, or for damages resulting from the reckless taking of a human life. The supreme court said, if the defendant was liable at all, the damages awarded were altogether disproportionate to the injury.

The case of Bennett v. Hobro, 72 Cal. 178, 13 Pac. 473, was an action to recover damages for injuries sustained by the plaintiff by falling through a trapdoor alleged to have been left open by the servants of the defendant. The evidence showed that the injuries sustained by the plaintiff were severe, resulting in long confinement, with a reasonable apprehension that they would permanently disable her. The jury found a verdict for the plaintiff, and assessed her damages at $200. The trial court set the verdict aside as unreasonable and grossly inadequate. The supreme court, in affirming the decision of the court below, said, "Under such circumstances, the court may well have concluded that the sum awarded her was insignificant in proportion to the injury received."

The case of Phillips v. Railway Co., 29 Eng. R. 177, was an action to recover damages for personal injuries sustained through the negligence of the defendant. The plaintiff was a physician in Grosvenor Square, London, who was making from his profession an income of between six and seven thousand pounds per annum at the time of his injury. He was an active, energetic man, in the prime of life, who was reduced to "a powerless helplessness, with every enjoyment of life destroyed, and with the prospect of a speedy death." The jury awarded him a verdict for £7,000. This verdict was set aside on the ground that the amount of damages given by the jury was so small as to show that they must have left out of consideration some of the cir-

cumstances which ought to have been taken into account. This ruling was affirmed in the court of appeal. The court of appeal placed stress upon the fact that the verdict gave no more than the loss of income for a single year. At the time of the trial more than a year had elapsed since the injury happened.

None of these cases furnish a warrant for granting a new trial in this case. The damages awarded are substantial, although less than the court thinks ought to have been given. From the youth of the plaintiff, there had been no loss from inability to labor. There was no proof of any expense incurred for medical or surgical attendance or care; and, aside from pain and suffering arising from the injury, her damages were entirely prospective, and incapable, in the nature of things, of any certain admeasurement. The case was tried fairly and dispassionately, and received the careful and patient consideration of the jury. While the court would have been better satisfied if a larger verdict had been returned, I feel, as Lord Denman once expressed himself, that a new trial on a mere difference of opinion between the court and jury as to the amount of recovery in an action of tort for unliquidated damages ought not to be granted. Something more must be disclosed to warrant interference, where substantial damages have been returned. Nothing more is shown in this case, and the motion for a new trial will therefore be overruled.