Hillsborough, }
Jan. 6, 1914. }

## JOHN DOODY v. BOSTON & MAINE RAILROAD.

In an action for negligence against a railroad company, certain evidence deemed sufficient to warrant a submission of the questions whether the defendant's want of care was the proximate cause of the injuries complained of and whether the plaintiff exercised a reasonable degree of prudence for his own safety.

A verdict for the plaintiff in an action for personal injuries must be set aside when it is so small, in view of the uncontroverted evidence as to the extent of the injury, that the court can clearly see that the jury have not performed their duty, as defined in the charge.

Where an award of damages is set aside on the ground that it does not constitute reasonable compensation for the injuries proved, the finding as to liability cannot be allowed to stand when it is apparent that the jury compromised their differences upon that question by returning an inadequate sum as damages.

CASE, for negligence. Trial by jury and verdict for the plaintiff for $750. The defendant's motions for a nonsuit and the direction of a verdict in its favor were denied, subject to exception. Upon the plaintiff's motion, the court sustained the verdict as to liability, set it aside as to damages, and ordered a new trial upon the latter issue. To this ruling the defendant excepted. Transferred from the May term, 1913, of the superior court by *Chamberlin,* J.

February 10, 1912, the plaintiff was engaged in hauling a load of logs along a highway which intersects with the defendant's railroad at the place where the collision occurred which caused his injuries. On that day the defendant's train was about forty

minutes late. As the plaintiff approached the crossing, he looked at his watch and concluded that the train had passed. He drove his team over the crossing and stopped for the purpose of putting a brake-chain on his sled to check the speed of the load in descending a hill just ahead of him. It appeared that some of the logs extended toward the railroad track far enough to be hit by a passing locomotive, and that the collision occurred in that way. While the plaintiff was adjusting the chain to the sled, the defendant's train passed over the crossing at a speed of from forty to fifty miles an hour. There was evidence that the plaintiff did not know of its approach and that the engineer did not sound the whistle at the whistling post as he was required to do when about to pass over a highway at grade.

Doyle & Lucier (Mr. Lucier orally), for the plaintiff.

Charles J. Hamblett and Marshall D. Cobleigh (Mr. Hamblett orally), for the defendant.

WALKER, J. The defendant's motions for a nonsuit and for a verdict were properly denied. There was evidence from which the jury could find that the defendant was guilty of negligence which was the proximate cause of the plaintiff's injuries. The plaintiff and his load of logs were not in a dangerous situation at the crossing, in the absence of a moving train at that point. Acting upon the idea that the train had passed, he was engaged in attaching a brake-chain to his sled and did not see or hear the train until it was upon him; but he testified that no whistle was sounded at the whistling post when the train approached, and in this he was corroborated by other witnesses. It also appears that the train was going at an excessive rate of speed, and when it got to the crossing some part of the engine struck the projecting logs and upset the load, causing the injuries complained of. Upon this brief statement of facts, it is apparent that reasonable men might find that the defendant's negligence in not sounding the whistle at the place it usually whistled was the proximate cause of the accident; that if it had sounded, the plaintiff would have been warned of the danger and could have avoided the collision. Whether the plaintiff exercised due care in not looking for an approaching train, whether he was justified in assuming that it had passed, and that, if it had not, he would be warned by the whistle in time to take

such precautions as a prudent man would take to protect his load from a collision with the engine, whether trains were passing this point frequently or only occasionally, and whether under the circumstances he exercised that degree of care for his own safety that the law requires, were all questions of fact for the jury, upon which reasonable men might differ. It cannot be held that he was guilty of contributory negligence as a matter of law, or that the defendant was not negligent. *Minot* v. *Railroad,* 73 N. H. 317; *Stone* v. *Railroad,* 72 N. H. 206; *Evans* v. *Railroad,* 66 N. H. 194. It is unnecessary to consider other views of the evidence which have been argued, since it is apparent that the case was a proper one for the consideration of the jury upon the theory above suggested.

The court finds that the jury "fell into a plain mistake and failed entirely to apply the law as stated on the question of damages"; that is, they failed to award to the plaintiff compensation for the injuries he suffered in consequence of the defendant's negligence. The presiding justice also found that "no reasonable man, fully comprehending the law as stated by the court, could agree that the verdict returned was compensation for the injuries proved by the evidence." He finds, in effect, that the smallness of the verdict, in view of the admitted facts in reference to the plaintiff's injuries, shows that the jury were not guided by the rule of compensation given by the court, but by some other rule invented by themselves, or by no rule at all. The fact is thus made to appear that the jury were guilty of misconduct. That the uncontested evidence relating to the character of the plaintiff's injuries and the pain, suffering, and expense incident thereto warranted the court in coming to that conclusion cannot be doubted. The fracture of the jaw on both sides, in consequence of which there was a dislocation of the jaw on both sides, the inability to properly masticate food, the loss of one or more teeth, the necessary surgical attendance at home and in a hospital where the dislocation was reduced by cutting or paring off the ends of the jaw-bone so that they would articulate with the sockets and allow some motion of the jaw, the reasonable expenses attending such an experience extending over several weeks, the pain and suffering, both mental and physical, due to the injuries sustained, the inability to work for a long time, and the probable effect of the accident upon the plaintiff's ability to labor in the future, are some of the elements of damages which sufficiently support the finding that $750 is an unreasonably small sum to be

deemed compensation. Certain it is that this court cannot say that the finding is not supported by the uncontroverted evidence. Nor can it be held that this finding, in connection with all the circumstances attending the trial, did not authorize the conclusion that the jury entirely disregarded the instructions of the court in relation to the assessment of damages.

The matter of setting aside a verdict on the ground that it is against the evidence was considered by the court in *Wendell* v. *Safford,* 12 N. H. 171 (a leading case upon this subject), where it was said (*p.* 178): "Where the verdict is decidedly against the weight of evidence, so that it is apparent that the jury must have misunderstood or totally disregarded the instructions of the court thereon, or must have neglected to consider the facts, and overlooked prominent and essential points in the evidence, where it is such a verdict that twelve honest and intelligent men would not have returned it, it is the duty of the court to set it aside." This statement of the law was not intended to authorize the court to weigh the evidence, consider conflicting testimony, or pass upon the credibility of witnesses—clearly the peculiar province of the jury —but to determine in view of all the circumstances disclosed whether the jury have properly performed their duty under the instructions of the court. *Lisbon* v. *Bath,* 21 N. H. 319, 335; *Gould* v. *White,* 26 N. H. 178, 188; *Ames* v. *Drew,* 31 N. H. 475, 482; *Wright* v. *Boynton,* 37 N. H. 9, 22; *Clark* v. *Society,* 45 N. H. 331, 333; *Houston* v. *Clark,* 50 N. H. 479, 483; *Jewell* v. *Railway,* 55 N. H. 84, 95. The inquiry in such cases is, not whether the judge acting as a juror would or would not have come to the conclusion returned by the jury in their verdict, but whether reasonable men charged with the duty of finding facts from the evidence, under the court's instructions as to the law applicable to the case, could come to that result. *Lucier* v. *Larose,* 66 N. H. 141; *Hovey* v. *Brown,* 59 N. H. 114; *Fuller* v. *Bailey,* 58 N. H. 71; *Belknap* v. *Railroad,* 49 N. H. 358.

In actions of tort for personal injuries, although there is no exact or mathematical rule by which damages are to be determined, and although it is ordinarily the exclusive duty of the jury to assess the amount, yet the jury cannot base their finding on chance or prejudice, or arbitrarily disregard the elements of damage as defined and limited by the court. Where it is apparent that a plaintiff has suffered injuries proximately caused by the defendant's negligence which entitle him to substantial damages, the jury must

award him substantial damages. "A verdict for a grossly inadequate amount stands upon no higher ground in legal principle, nor in the rules of law or justice, than a verdict for an excessive or extravagant amount. It is doubtless true that instances of the former occur less frequently, because it is less frequently possible to make it clearly appear that the jury have grossly erred. But when the case does plainly show such a result, justice as plainly forbids that the plaintiff should be denied what is his due, as that the defendant should pay what he ought not to be charged." *McDonald* v. *Walter*, 40 N. Y. 551, 554. In *Belknap* v. *Railroad*, 49 N. H. 358, 371, it is said: "A new trial will be granted where the damages are too small, as well as when they are excessive."

"But a verdict which awards an excessive or inadequate sum is subject to the control of the court, and where some of the elements of damage which might have been considered by the jury have been ignored, and the verdict is for a less amount than the plaintiff is clearly entitled to, it will be set aside, although there has been no misdirection by the court, or misconduct or miscalculation on the part of the jury." 4 Suth. Dam. (3d ed.), *s.* 1256.

In actions for personal injuries, the courts in various jurisdictions have not hesitated to set aside verdicts on account of the inadequacy of the damages awarded, when it was clear that the jury were not guided by the rule of reasonable compensation. This error in the trial has been corrected by setting aside the verdict, not only when the jury returned merely nominal damages (*Robbins* v. *Railroad*, 7 Bosw. 1; *Bacot* v. *Keith*, 2 Bay 466; *Whitney* v. *Milwaukee*, 65 Wis. 409; *Tedd* v. *Douglas*, 5 C. B. N. S. 895), but also when they assessed the damages in a considerable sum which the court found did not amount to substantial compensation for the injuries sustained. In *Mariani* v. *Dougherty*, 46 Cal. 26, a verdict for $200 was set aside for this reason; in *Bennett* v. *Hobro*, 72 Cal. 178, the same result was reached upon a similar verdict; in *Clark* v. *Railroad*, 33 R. I. 83, 102, it was held that $2,000 might be deemed inadequate for the injuries inflicted; and in *Phillips* v. *Railway*, 4 Q. B. Div. 406,—*S. C.*, 5 Q. B. Div. 78, £7,000 was regarded as too small an amount. At a second trial the verdict was for £16,000, which was sustained. 5 C. P. Div. 280. Obviously, whether the verdict is for an inadequate sum can only be determined by the circumstances of the particular case. While $10 might be adequate in one case, $1,000 might be inadequate in another. The only rational rule upon this subject is that when

the verdict in a personal injury case is so small, in view of the uncontroverted facts of the case disclosing the extent of the injury, that the court can clearly see that the jury have not performed their duty, as defined in the charge of the court, it must be set aside. Such a trial is not the fair trial to which the parties are entitled. It is not the result of reasonable deliberation.

In *Phillips* v. *Railway*, 5 Q. B. Div. 78, 85, the court say: "We agree that judges have no right to overrule the verdict of a jury as to the amount of damages, merely because they take a different view and think that if they had been the jury they would have given more or would have given less; still, the verdicts of juries as to the amount of damages are subject, and must for the sake of justice be subject, to the supervision of a court of first instance, and if necessary of a court of appeal, in this way; that is to say, if in the judgment of the court the damages are unreasonably large or unreasonably small, then the court is bound to send the matter for reconsideration by another jury." If the verdict is excessive, that is, so large in amount as to show that the jury did not consider the evidence in a reasonable and dispassionate manner, or that they disregarded the law of the case as given to them by the court, it is not a true verdict and ought to be set aside, unless the plaintiff is willing to file a *remittitur*, because it is apparent that justice has not been done. *Belknap* v. *Railroad, supra.* On the other hand, when the verdict is so small that it unequivocally appears that serious error has been committed by the jury, either in respect to the amount of the damages or in respect to the issue of liability, justice requires a correction of the error as much as in the former case. *Collins* v. *Railroad,* 12 Barb. 492, 499; *Benton* v. *Collins,* 125 N. C. 83; *Richards* v. *Rose,* 9 Exch. 218.

The order of the court limiting the new trial to the question of damages implies a finding that the verdict on the question of liability was not erroneous. Can that part of the verdict be allowed to stand, upon the principle adopted in this state of preserving so much of the verdict as is not affected by the error and granting a new trial on the rest of it? *Lisbon* v. *Lyman,* 49 N. H. 553; *Piper* v. *Railroad,* 75 N. H. 228; *McBride* v. *Huckins,* 76 N. H. 206. It should be borne in mind that the error is not chargeable to anything that occurred in the trial before the jury retired; it is not due to any misdirection of the court upon the question of damages, or to the erroneous admission or rejection of evidence exclusively applicable to that subject, or to unwarranted remarks

of counsel in support of a small verdict. In such cases the reason for the error is disclosed by the record, and its correction may be accomplished by a limited new trial. But in this case it appears that the error, however it was caused, occurred while the jury were deliberating upon their verdict, and that they "failed entirely to apply the law as stated on the question of damages," so that "no reasonable man, fully comprehending the law as stated by the court, could agree that the verdict returned was compensation for the injuries proved by the evidence." The effect of the finding is that the jury were guilty of misconduct in reaching a verdict which was inconsistent with the facts of the case. It was solely the result of their perverseness. The charge of the court was plain, simple, and direct, and clearly announced the rule of compensation. In fact, it is more than probable that it was a compromise verdict concurred in by some members of the jury on the question of liability in consideration of the smallness of the damages. It is hardly conceivable that reasonable men should conscientiously observe the instructions of the court upon that question and then deliberately disregard the instructions upon the question of damages. The only reasonable inference of the way the jury came to an agreement, in view of the findings of the court, is that they compromised their differences as to the defendant's liability by returning an inadequate sum for the damages. And this conclusion is strengthened by the fact that upon the evidence the question of liability was one of much doubt, upon which reasonable men might easily differ.

In *Simmons* v. *Fish*, 210 Mass. 563, a somewhat similar state of facts appeared, and it is said in the opinion (*p.* 572): "The verdict itself is almost conclusive demonstration that it was the result, not of justifiable concession of views, but of improper compromise of the vital principles which should have controlled the decision. The inference is irresistible that it could have been reached only by certain of the panel conceding their conscientious belief that the defendant ought to prevail upon the merits, in order that a decision might be reached. . . . It would be a gross injustice to set aside such a verdict as to damages alone, against the protest of the defendant, and force him to a new trial with the issue of liability closed against him, when it appears obvious that no jury had ever decided that issue against him on justifiable grounds. Although the decision of a motion for a new trial rests within the discretion of the trial court, . . . it is a sound

judicial and not an arbitrary discretion which must be exercised. A failure in this regard is subject to revision." As it does not "clearly appear that the effect of the error did not extend to all the issues tried" (*McBride* v. *Huckins*, 76 N. H. 206, 213), or as it does appear with reasonable certainty that the misconduct of the jury extended to their consideration of all the issues tried, the entire verdict must be set aside if any part of it is disturbed, upon the ground that the correction of the error ought to be commensurate with its extent. The error can only be corrected by a new trial of the whole case. The order is,

*Exception on question of liability overruled: exception to order setting verdict aside as to damages only, sustained.*

All concurred.