## NORBERTO QUILES Y PEREZ, Plff.,

*v.*

## RAMÓN VALDEZ, Dft.

---

San Juan, Law, No. 980.

ON MOTION FOR NEW TRIAL.

New Trial—Damages to Employee's Father.

    1. The estimation of damages under the employers' liability act is peculiarly for the jury, and the court will not disturb the verdict merely because its opinion differs from the jury as to the proper amount. The court has no right to substitute its opinion for that of the jury in such cases.

Instruction—Asking Correction.

    2. If an instruction is not full enough this should be called to the court's attention or a supplemental charge asked; otherwise the party cannot complain.

Damages—Future Earnings.

    3. There is no error in refusing to instruct a jury in a damage

---

NOTE.—For cases passing upon elements and measure of damages in cases arising under the Federal employers' liability act, see notes in 47 L.R.A. (N.S.) 80 and L.R.A.1915C, 85.

Quiles y Perez v. Valdez.

suit that they can take into consideration deceased might have added to his estate had he lived. In the case of the death of an average boy of fifteen this would be going into the realm of speculation.

New Trial—Different Verdict.

4. A new trial ought not to be granted unless there is reasonable ground to believe ·that the new verdict will be different. Mendez v. North British Mercantile Ins. Co. 5 Porto Rico Fed. Rep. 332, affirmed.

Opinion filed February 4, 1915.

———

*Mr. Jos. Anderson, Jr.,* for plaintiff.

*Messrs. Martinez & Iriarte* for defendant.

HAMILTON, Judge, delivered the following opinion:

The evidence in the case showed that the minor son of the plaintiff was killed in the repair shops of the defendant at Bayamón, but there was, apparently, no direct witness to the accident itself. The evidence was in conflict as to whether the boy was employed in the shop at all, and there was strong testimony that he was not. He was about fifteen years of age at the time of his death, earning a few cents a week. His father was about forty years old, earning $30 a month as an insular policeman. The jury found a verdict for $150 for the plaintiff, and the plaintiff now seeks to set this aside.

1. The first ground urged for a new trial is that the amount found was "inadequate, insufficient, and not in accordance with the instructions of the court." No particular instructions, however, on this subject are set out.

Quiles y Perez v. Valdez.

It is unusual, although legitimate, for the plaintiff to file a motion to set aside a verdict in a personal injury case on the ground of inadequacy. The jury in this case was as good as the court has ever seen.

The suit was brought under the Federal employers' liability act, which excludes all consideration of personal suffering of the decedent, and therefore stands upon an entirely different footing from the more frequent suits by the injured employee himself. It has been held also several times in this court, as in Birch v. American R. Co. 5 Porto Rico Fed. Rep. 273, that the damages are limited to the pecuniary loss shown by the plaintiff as caused him from the death of his minor son. The loss takes in the future, but it is difficult to estimate this feature of it. The joint expectancy of the father and son would be a score of years, but this is only one of the matters to be taken into account by the jury. They are not bound to find damages for twenty years to come. There are contingencies, such as health, industry, earning power, and otherwise, of both father and son, which are within their province. This case comes largely under the principle declared in Berry v. Lake Erie & W. R. Co. 72 Fed. 488: "None of these cases furnish a warrant for granting a new trial in this case. The damages awarded are substantial, although less than the court thinks ought to have been given. From the youth of the plaintiff, there had been no loss from inability to labor. There was no proof of any expense incurred for medical or surgical attendancy or care; and, aside from the pain and suffering arising from the injury, her damages were entirely prospective, and incapable, in the nature of things, of any certain admeasurement. The case was tried fairly and dispassionately, and

received the careful and patient consideration of the jury. While the court would have been better satisfied if a larger verdict had been returned, I feel, as Lord Denman once expressed himself, that a new trial on a mere difference of opinion between the court and jury as to the amount of recovery in an action of tort for unliquidated damages ought not to be granted."

Also to the point is the rule laid down in Aldrich v. Palmer, 24 Cal. 513, where the court says: "In actions for personal torts the law does not attempt to fix any precise rules for the admeasurement of damages, but, from the necessity of the case, leaves their assessment to the good sense and unbiased judgment of the jury. Their verdict, as in all other cases, is subject to review by the court, but it will never be disturbed unless the amount of the damages is obviously so disproportionate to the injury proved as to justify the conclusion that the verdict is not the result of the cool and dispassionate consideration of the jury. The leading object of such actions is to obtain reasonable and just compensation for the injury sustained, comprehending both the present and the future. But to ascertain what is a fair and just compensation in such cases is a judicial problem of difficult, if not impossible, solution. None, however, are more competent to its proper solution than the jury. Hence, the courts have always sparingly exercised the power of granting new trials in such cases. Where the law furnishes no rule for the measurement of damages, there assessment is peculiarly the province of the jury, and the court will never interfere with their verdict merely on the ground of excess. Upon such a question the court has no right to substitute

its opinion for that of the jury, merely because it happens to differ from theirs."

It may well be some elements of the case are not proved to the satisfaction of the jury. This court has said that it is not the duty of a judge to interfere with the verdict, which cannot be said to be the result of mistake, passion, or prejudice, merely because the court might differ from the jury as to amount. Delgado v. Insular Line, 4 Porto Rico Fed. Rep. 308; Gonzalez v. San Juan Light & Transit Co. 5 Porto Rico Fed. Rep. 454.

2. There is no error shown on the part of the court in failing to instruct the jury that they could take into consideration what the deceased might have contributed to the plaintiff. If the instruction was not full enough, it should have been called to the court's attention or a supplemental charge asked. Neither course was pursued. It is true the court will not permit a palpable error of its own, although not excepted to, to prejudice a party, but this is a matter of discretion with the court. The party cannot complain because he was at fault in not calling attention to the matter. In this case the court thinks the instructions given fairly covered the case as developed by the proof.

3. The third ground alleged does not seem to be meritorious. By instructing the jury that they could "take into consideration anything deceased might have added to his estate had he lived," the court would have been going into the realm of speculation. Into what a boy of fifteen of not unusual intelligence and industry would have developed as a business man was not in the evidence, and it is hard to see how it could be put in evidence one way or the other.

4. It has been held in this court in Mendez v. North British

Quiles y Perez v. Valdez.

Mercantile Ins. Co. 5 Porto Rico Fed. Rep. 332, that "a new trial ought not to be granted unless there is reasonable ground to believe that the verdict would be (different) were it granted. This would in effect be doing a vain thing. The case at bar is even stronger. The court does not feel that, had the verdict been for the defendant, it would have granted a new trial. The motion must therefore be denied.

It is so ordered.