James **LAWRENCE** and Annie B. Lawrence, his wife, owners or reputed owners, Defendants Below, Appellants,

v.

Anthony A. **STAITE** and Joan F. Staite, his wife, Plaintiffs Below, Appellees.

Supreme Court of Delaware.

April 22, 1969.

Grover C. Brown, Dover, for defendants below, appellants.

Roy S. Shiels, of Brown, Shiels & Barros, Dover, for plaintiffs below, appellees.

CAREY and HERRMANN, Justices, and MESSICK, Judge, sitting.

CAREY, Justice.

These appellants, James Lawrence and Annie B. Lawrence, his wife, owned a dwelling house near Dover which they rented to the appellees, Anthony A. Staite and Joan F. Staite, his wife. The tenants sued the landlords in Superior Court, alleging damage to personal property by a fire allegedly caused by a defect in the heater, which the landlords were obligated to keep in repair. The jury returned a verdict in favor of the tenants in the amount of $500.00. Thereafter, on application of the tenants, the Court below granted an additur in the amount of $1050.00, which the landlords declined to accept, whereupon the Court ordered a new trial limited to the issue of damages only. The landlords have appealed, contending that the Court below erred in granting a new trial, and, alternatively, that the Court erred in limiting the new trial to the issue of damages.

The jury was called upon to determine whether the landlords were liable and, if so, what loss was suffered by the tenants. Determination of liability involved three questions, i. e., whether there was anything wrong with the heater at the time; whether the fire was caused by the heater; and whether the landlords were given adequate notice that the heater was still improperly functioning after repairs had been made. The damages claimed were set forth in itemized form at the suggestion of the trial Judge, and the list was given to the jury. It included a subtotal of $1390.00 as the estimated value of furniture and other items of property, the figure of $595.43 for money spent to clean and restore certain articles in the house, and the figure of $188.00 for extra living expenses during the period the house was vacant after the fire. Considerable testimony was taken concerning the validity of all items other than the amount of $595.43 for cleaning, which was not disputed. The verdict was in the amount of $500.00.

In a letter opinion, the trial Judge pointed out that there was no dispute about the cleaning bill and therefore no justification for discounting the amount of that bill; he further indicated that, although the estimates of value for the items destroyed and

the amount sought for living expenses could properly have been discounted by the jury, there was no reason to allow nothing for these two elements. He felt that there had been a fair trial, and that the verdict must have been the result of compromise or misunderstanding of the instructions.

In the charge, the jury was told that it was not required to allow all or any of the items claimed if it found that the plaintiffs had failed to prove the loss or had not suffered the damage claimed. The landlords here contend that, since no exception was taken, the charge stands as the law of the case and that the jury did nothing it was not permitted to do thereunder.

▮ We do not agree that the jury's action was permitted by the charge. Certainly, there was no evidence under which the jury could properly eliminate or discount the uncontested cleaning bill; the evidence did not justify complete elimination of many of the other items, even though the estimates of value may properly be subject to discount. We are accordingly convinced that the Judge acted well within his discretionary limits in ordering the new trial when the landlords declined to accept the additur.

▮ In our opinion, however, the new trial should not be limited to damages because we think the only reasonable inference to be drawn from the record is that the verdict must have been the result of a compromise whereby some jurors were persuaded to agree to the finding of liability by the agreement of others to an unjustifiably low amount of the award. Verdicts so found are generally condemned. 39 Am.Jur. 48. National Fire Ins. Co. of Hartford v. Great Lakes Warehouse Corp., 261 F.2d 35; Goelet v. Matt J. Ward Co., 242 F. 65; Simmons v. Fish, 210 Mass. 563, 97 N.E. 102; James Turner & Sons v. Great Northern Ry. Co., et al, 67 N.D. 347, 272 N.W. 489; Doody v. Boston & M. R. R., 77 N.H. 161, 89 A. 487; Parizo v. Wilson, et al., 101 Vt. 514, 144 A. 856. The claim is not one for unliquidated damages as to which the jury would have very broad discretion, and in which the Court usually has no way to know or to infer that the verdict was a compromise of the liability issue as well as the amount. We cannot believe that the jurors failed to understand the charge, as the trial Judge suggests. The fact that the award was even less than the undisputed item for cleaning strongly suggests that the jury compromised upon the issue of liability as well as damages. The question of liability was hotly contested on several points. In similar circumstances, many Courts have held that a new trial on all issues ought to be granted because a defendant is entitled to have the issue of liability determined on its own merits without reference to the amount of damage. Wilentz v. Lonky, et al, 6 N.J.Misc.R. 711, 142 A. 642; Woods v. Eitze, 94 Cal.App.2d 910, 212 P.2d 12; Remsberg v. Mosley, Fla., 58 So.2d 432; Flaugh v. Egan Chevrolet, Inc., 202 Minn. 615, 279 N.W. 582.

▮ We do not mean to imply that there was any unfairness in the trial prior to submission of the case to the jury; the injustice arises from the presumed compromise verdict. Likewise, we do not intend to intimate that, in a proper case, a new trial may not be confined to a part of the issues. Superior Court Rule 59, Del.C. Ann. Finally we do not overlook the basic principal that the question of granting a retrial, or limiting such retrial to a single issue, is primarily one which falls within the discretion of the trial Judge, whose ruling will be disturbed on appeal only if it was made "on grounds or for reasons clearly untenable, or clearly unreasonable." Larrimore v. Homeopathic Hosp. Assn., 4 Storey 449, 181 A.2d 573. In the present case, we are convinced that the ruling below should be modified because the injustice done can be corrected only by a retrial of all issues.

The order entered below, modified to conform herewith, will be affirmed.