**Husband H., Plaintiff,**

v.

**Wife H., Defendant.**

Superior Court of Delaware,
New Castle.

Oct. 11, 1973.

a final decree issued by this Court. Subsequently property division proceedings were held in early 1973. The Court, by letter dated April 4, 1973, informed the parties of its proposed division of property and invited the suggestion of counsel for both sides as to how best to effect the contemplated settlement. On April 26, 1973, the Court amplified its thoughts on the matter and urged counsel to give further consideration to means of accomplishing the settlement outlined by the Court. Finally, counsel for the wife filed with the Prothonotary on May 7, 1973, an order embodying the substance of the Court's division of the property. The order was signed by the Court the following day. On May 18, 1973, the husband filed a motion for a new trial challenging the constitutionality of the property division statute, 13 Del.C. § 1531, and contending that he should have been permitted to present evidence at trial of the wife's inability to handle money.

The threshold issue is whether or not a motion for new trial is the appropriate device for seeking the Court's review of its decision based upon the property division hearing. It seems beyond dispute that the hearing in property division following a divorce is a trial within the meaning of Superior Court Rule 59, Del.C.Ann. The Court's letters to counsel dated April 4, 1973 and April 26, 1973, were not the opinion or decision of the Court or a judgment within the meaning of Rule 59, but merely efforts of the Court to elicit the suggestions of counsel to the proposed settlement contemplated by the Court and for that reason could not be the basis for a motion or appeal by either party. It follows, therefore, that the time for post-trial motions did not begin to run until after May 8, 1973, when the order was signed by the Court.

A close reading of plaintiff's motion for a new trial reveals that it is grounded upon questions of law and not the sufficiency of the evidence to support the decision of the Court. See Lawrence v. Staite, Del.Super., 253 A.2d 506 (1969);

Garry G. Greenstein, Wilmington, for plaintiff.

Joseph W. Benson, Wilmington, for defendant.

## OPINION

O'HARA, Judge.

On May 25, 1972, plaintiff-husband and defendant-wife were divorced pursuant to

McCloskey v. McKelvey, Del.Super., 4 Storey 107, 174 A.2d 691 (1961). A motion for new trial must be served upon the other party within ten days. Superior Court Rules—Civil Del.C.Anno., R. 59(b). In 1969, however, the Delaware Supreme Court indicated that "[A] motion for *reargument* is the proper device for seeking reconsideration by the Trial Court of its findings of fact, conclusions of law, or judgment, after a non-jury trial" (emphasis added). Hessler, Inc. v. Farrell, Del. Super., 260 A.2d 701 (1969). Despite the plaintiff's caption of the motion, it is, in fact, a motion for reargument, since he seeks only to argue legal issues and not to present new evidence. The five day period allowed by Civil Rule 59(e) for filing motions for reargument began to run on May 9, 1973 and expired on May 15, 1973. Civil Rule 6(a); Hessler, Inc. v. Farrell, supra. Plaintiff's motion was filed too late.

Even assuming for the purpose of argument, that the motion was timely filed, the Court does not consider reargument or new trial warranted.

First, plaintiff never challenged the constitutionality of 13 Del.C. § 1531, relating to the division of property, during the trial. It is axiomatic that one cannot in a motion for new trial or upon reargument raise new grounds not raised in the original proceedings. Ingersoll v. Rollins Broadcasting of Delaware, Inc., Del. Super., 269 A.2d 217 (1970); States Marine Lines v. Domingo, Del.Super., 269 A.2d 223 (1970).

Second, as to the Court's claimed failure to consider the wife's alleged inability to manage her financial affairs, the Court is not persuaded that this is relevant to the question of a fair division of property. The Court has considered the case of Eck v. Eck, 252 Minn. 290, 90 N.W.2d 211 (1958) cited by plaintiff. Even assuming that ability to handle money is a factor which may be considered by a Court in apportioning assets between the parties, as distinguished from the means by which the settlement is to be effected, it is but one among a number of considerations to be weighed in reaching a reasonable division of the property. See Ruprecht v. Ruprecht, 255 Minn. 80, 96 N.W.2d 14 (1959). The Court is not persuaded that its division of the property is unreasonable.

Accordingly, plaintiff's motion for reargument is denied.

It is so ordered.