# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MAHESWAR MIKKILINENI, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N19C-05-123 |
| | ) | PRW CCLD |
| | ) | |
| PAYPAL, INC., GODADDY.COM, LLC, | ) | |
| SHIJIL TS, CEO, HARVARD | ) | |
| COLLEGE OBSERVATORY & | ) | |
| HARVARD UNIVERSITY, AND | ) | |
| UPWORK INC. | ) | |
| Defendants. | ) | |

Submitted: August 2, 2021
Decided: August 6, 2021
Reissued with Clarification: August 9, 2021[1]

## ORDER DENYING REARGUMENT

This 9th day of August, 2021, upon consideration of Plaintiff Maheswar Mikkilineni's Motion for Reargument (D.I. 118) of this Court's Memorandum Opinion and Order dated July 1, 2021 (D.I. 115); Defendants PayPal, Inc., GoDaddy.com, LLC, and Upwork Inc.'s responses thereto (D.I. 124, 125, 126); Mr. Mikkilineni's reply (D.I. 130); and the record in this matter, it appears to the Court that:

---

[1]  The Court issues this Order to clarify the record and assure the parties that—although it need not under Rule 59—it has considered Mr. Mikkilineni's prolix reply that was filed just hours before the Court issued its original Order. (D.I. 130).  Having painstakingly appraised Mr. Mikkilineni's thirty-five page reply, the Court finds no basis for Rule 59 relief.

(1)     On July 1, 2021, this Court granted Defendants PayPal, Inc., GoDaddy.com, LLC, and Upwork Inc.'s Motions to Dismiss and dismissed Mr. Mikkilineni's claims against those defendants with prejudice.[2]

(2)     On July 7, 2021, Mr. Mikkilineni moved for an extension of time under Superior Court Civil Rule 6(b) to file a Request for Reconsideration of the Court's July 1 Memorandum Opinion and Order.[3]  Mr. Mikkilineni requested the extension of time due to the length of the Court's decision (thirty-three pages) and his status as a *pro se* plaintiff.[4]

(3)     On July 12, 2021, the Court denied Mr. Mikkilineni's request for an extension of time because it lacked authority to extend the time for him to move for reargument.[5]  The Court also made it clear that it would lack jurisdiction to consider any untimely motion under Civil Rule 59.[6]

---

[2]     *Mikkilineni v. PayPal, Inc.*, 2021 WL 2763903 (Del. Super. Ct. July 1, 2021).  For a full recitation of the facts underlying the dispute in this litigation, refer to Section I of that opinion and order. *Id.* at *1.

[3]     Mot. for Enlargement of Time under Rule 6(b), July 7, 2021 (D.I. 116).

[4]     *Id.*

[5]     *Mikkilineni v. PayPal, Inc.*, 2021 WL 2909758 (Del. Super. Ct. July 12, 2021). *See also* Del. Super. Civ. R. 6(b) (the Court "may not extend time for taking any action under Rules . . . 59(b), (d), and (e) . . ., except to the extent and under the conditions stated in them.").

[6]     *Mikkilineni*, 2021 WL 2909758, at *1.

(4)     Shortly thereafter, Mr. Mikkilineni filed a "Motion for Reargument under Rule 59(e) and/or to Alter or Amend Summary Judgment under Rule 59(d)."[7]

(5)     A motion for reargument permits a trial court to reconsider its findings of fact, conclusions of law, or judgment.[8] "Delaware law places a heavy burden on a [party] seeking relief pursuant to Rule 59."[9] The moving party has the burden to demonstrate that the Court must correct an error of law in or prevent manifest injustice deriving from its judgment.[10] But "[a] Rule 59(e) application is not an avenue for the moving party to raise new arguments or to rehash arguments already decided by the Court."[11] And such motion will be denied unless the Court has "overlooked a controlling precedent or legal principles," or "has misapprehended the law or facts such as would affect the outcome of the decision" challenged.[12]

---

[7]   Mot. for Reargument, July 12, 2021 (D.I. 118).

[8]   *See Ramon v. Ramon*, 963 A.2d 128, 136 (Del. 2008) ("A motion for reargument is the proper device for seeking reconsideration by the Trial Court of its findings of fact, conclusion of law, or judgment.") (internal citations omitted).

[9]   *Kostyshyn v. Comm'rs of Bellefonte,* 2007 WL 1241875, at *1 (Del. Super. Ct. Apr. 27, 2007).

[10]   *See Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (Del. 1969) ("The manifest purpose of all Rule 59 motions is to afford the Trial Court an opportunity to correct errors prior to appeal.").

[11]   *Maravilla-Diego v. MBM Construction II, LLC*, 2015 WL 5055955, at *1 (Del. Super. Ct. Aug. 27, 2015) (citing cases).

[12]   *Cummings v. Jimmy's Grille*, 2000 WL 1211167, at *2 (Del. Super. Ct. Aug. 9, 2000).

Upon a Rule 59(e) reargument motion, the Court "will determine from the motion and answer whether reargument will be granted."[13]

(6)     Under Civil Rule 59(e), a motion for reargument must be served and filed within five days after the filing of the Court's decision.  Under Civil Rule 6(a), when the period of time prescribed is less than eleven days, weekends and legal holidays are excluded in the computation of time.  So, excluding the weekend and the Court's July 4th holiday closure, the deadline for Mr. Mikkilineni's motion for reargument was July 9, 2021.  Consequently, Mr. Mikkilineni's July 12th filing was made past the required deadline which relegates it—if a 59(e) reargument motion—outside the Court's jurisdiction.[14]

(7)     Mr. Mikkilineni likely recognized this timing issue as he also captioned his filing a Rule 59(d) application to "alter or amend" the Court's July 1 judgement. A party has ten days from the entry of judgment to file one of those.[15]  No matter how he titles it though, Mr. Mikkilineni's is a motion for reargument under Rule

---

[13]   Super. Ct. Civ. R. 59(e).

[14]   *Lewis v. Coupe*, 2016 WL 6081825, at *1 (Del. Oct. 17, 2016) (concluding that this Court "would have lacked jurisdiction to consider" the substance of an untimely motion for reargument) (citing *Boyer v. State,* 2007 WL 452300, at *1 (Del. 13, 2007) and *Preform Building Components, Inc. v. Edwards*, 280 A.2d 697, 698 (Del. 1971)); *Gunn v. Zurich American Ins. Co.*, 2013 WL 1859349, at *1 (Del. Super. Ct. Apr. 29, 2013) ("If a motion for reargument is untimely filed, this Court lacks jurisdiction to consider the motion.").

[15]   Super. Ct. Civ. R. 59(d) ("A motion to alter or amend the judgment shall be served and filed not later than 10 days after entry of the judgment.").

59(e) and not a motion to alter or amend a judgment under Rule 59(d).[16] And even were the Court to analyze it Rule 59(d), Mr. Mikkilineni's motion still fails to state a valid basis for an alteration or amendment of the July 1 dismissal.

(8)    A judgment will be altered or amended under Rule 59(d) upon a showing of: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or to prevent manifest injustice."[17] A Rule 59(d) motion will be denied "if it merely restates arguments already considered and rejected during the litigation."[18]

(9)    In his motion, Mr. Mikkilineni rehashes the same complaints and arguments made before regarding: (i) the loss he suffered during his Justice of the Peace trial against PayPal; (ii) his "dead" website; and, (iii) his claims that Upwork abandoned its own User Agreement when it took no action in the dispute between him and the freelance artist he hired.[19] The Court expressly (and exhaustively) analyzed and rejected each of these precise arguments when it granted dismissal.

---

[16]  Mot. for Reargument at 12 ("I wish you and your buddies would agree to allow re-argument under rule 59(e) to get this right."). *See Nicholson v. Sullivan*, 1993 WL 542297, at *1 (Del. Dec. 6, 1993) ("The relief sought is the determinative factor in the classification of a motion under Rule 59, not the labels used by the parties. The five-day period for seeking reargument pursuant to Rule 59(e) cannot be circumvented by labeling the motion as one to alter or amend the judgment pursuant to Rule 59(d)." (citing *H. v. H.*, 314 A.2d 420, 422 (Del. Super. Ct. 1973))).

[17]  *Monzo v. Nationwide Property & Casualty Ins. Co.*, 249 A.3d 106, 117 (Del. 2021) (quoting *King v. McKenna*, 2015 WL 5168481, at *3 (Del. Super. Ct. Aug. 24, 2015)).

[18]  *Id.*

[19]  Mot. for Reargument at 4-10.

(10)  Mr. Mikkilineni also argues that the Justice of the Peace Court lacked jurisdiction over his original claim against PayPal and, as such, the Justice of the Peace Court's order granting PayPal's motion for a directed verdict and dismissing Mr. Mikkilineni's claim is void and inapplicable against him.[20]  But here too, the Court plainly found that the Justice of the Peace Court had personal and subject matter jurisdiction over Mr. Mikkilineni's previous claims against PayPal[21]— nothing has changed about that.[22]

(11)  Instead of citing to new controlling law, presenting new evidence, or demonstrating an error of law or manifest injustice in support of his motion, Mr. Mikkilineni says the Court disregarded the evidence in the record and is a "hater of [his] science-work."[23]  To Mr. Mikkilineni's benefit (and the grave detriment of

---

[20]  *Id*. at 3.

[21]  *Mikkilineni*, 2021 WL 2763903, at *8 ("To begin, the Justice of the Peace Court had personal and subject matter jurisdiction.  Mr. Mikkilineni and PayPal—two Delaware citizens who are the original, same parties—litigated over $4,000, a total that falls squarely within that court's limited statutory jurisdiction."). *See also* DEL. CODE ANN. tit. 10, § 9301(1) (2020) (empowering the Justice of the Peace Court to adjudicate contract and tort claims that place less than $15,000 in controversy); *see generally Jones v. Hertz Corp.*, 2014 WL 3401606, at *5 (Del. Super. Ct. July 8, 2014) ("The Justice of the Peace Court is a court of limited jurisdiction with authority derived solely from statute." (internal quotation marks omitted)).

[22]  *See Monzo*, 249 A.3d at 117 (a Rule 59(d) movant must demonstrate an intervening change in controlling law, availability of new evidence, the need to correct clear error of law or to prevent manifest injustice).

[23]  Mot. for Reargument at 5.  To this last assertion, I can only assure Mr. Mikkilineni that I take to heart the words of Nobel laureate Liu Xiaobo—"Hatred can rot away at a person's intelligence and conscience."—and am well-aware I have far too little of the former to spare to act as a mere "hater" in my judicial duties. *See* Liu Xiaobo, *I Have No Enemies: My Final Statement*, THE NOBEL PRIZE: NOBEL LECTURE IN ABSENTIA (Dec. 10, 2010),

both its staff and the opposing parties) the Court has time and again considered all of Mr. Mikkilineni's numerous complaints and supposed supporting evidence. The Court has construed all that as liberally as possibly permitted under controlling Delaware law. And even with such generous reads, the Court found absolutely no reasonably conceivable, procedurally-allowed or contractually-permitted claims against PayPal, GoDaddy, or Upwork.

(12) Given the Court's lack of jurisdiction to rule on Mr. Mikkilineni's untimely Rule 59(e) motion, and Mr. Mikkilineni's failure to demonstrate any newly discovered evidence, change in the law, or manifest injustice warranting relief under Rule 59(d), Mr. Mikkilineni's Motion for Reargument under Rule 59(e) and/or to Alter or Amend Summary Judgment under Rule 59(d) must be **DENIED.**

**IT IS SO ORDERED.**

Paul R. Wallace, Judge

Original to Prothonotary

cc: All Counsel via File and Serve

---

https://www.nobelprize.org/prizes/peace/2010/xiaobo/lecture/. Put more simply, "It's not personal, [Mr. Mikkilineni]. It's strictly [the Court's] business." THE GODFATHER (Paramount Pictures 1972) (When explaining a logical but drastic act that might be misconstrued as emotionally driven, Michael Corleone sums it up thusly for his brother and for consigliere Tom Hagen: "It's not personal, Sonny. It's strictly business.").